## Michael De George v. Harry Goosby.

### Decided July 1, 1903.

**Dedication—Streets—Outlying City Lands.**

Where, in an action to enjoin an owner of outlying city land from maintaining a fence across a way thereon, claimed to have been dedicated as a street, the·evidence showed that none of such land had been sold by the owner to others with reference to streets laid out upon it, and that the use of such way as a street was such as was common to uninclosed lands in the vicinity, and that if it were extended as a street beyond such fence, it would end in a cul-de-sac at an unbridged bayou, a judgment in plaintiff's favor on the theory of a dedication for street purposes was error.

Appeal from the District Court of Harris.   Tried below before Hon. Chas. E. Ashe.

*Fisher, Sears & Sherwood,* for appellant.

*Byers & Byers,* for appellee.

GILL, Associate Justice.—This action was brought by Harry Goosby to enjoin Michael De George from maintaining fences across what plaintiff alleges are public streets of the city of Houston. The streets alleged to be thus obstructed are St. Mary and Walker. It is not claimed that either of the streets were ever authoritatively laid out and extended to the points at which the fences complained of are alleged to be, but plaintiff rests his right upon limitation by reason of long and uninterrupted use and dedication for street purposes by a former owner.

Defendant answered, denying generally and specially, and set up title to himself in the property upon which the fences stood. A trial before the court without a jury resulted in a judgment for plaintiff, the court finding as a fact that the land claimed as a part of Walker Avenue had been dedicated to public use by a former owner, and that the part of St. Mary Street in controversy had been acquired for public use by prescription. In order that our description of the situation may be intelligible, we append a rough sketch on next page.

In 1867 Goosby bought a lot near the bayou, and in 1868 erected a house thereon, as indicated by the sketch. He has resided there ever since. At that time and for years thereafter all the surrounding property was vacant, unplatted and unfenced, and he could approach the city in any direction. For ten or twelve years De George has resided on Bagby Street near this property. He bought the property indicated on the sketch as the De George two acres from the executors of D. C. Ruby, deceased, about the 29th day of September, 1898. The double lines on the sketch indicate undisputed street lines. Walker Street, as thus established, ends in a sharp point near the center of the west line of block 153. In 1878 D. C. Ruby, the then owner of the De George

property, began to build tenant houses thereon. He built the first one next to the lot marked "Fuchs," on what would be the extension of the west line of Walker Street. Five others were ultimately built and fenced with reference to the west line of Walker, if thus extended. This is the only act of the then owner tending to establish a dedication. Though he owned the property thence to the bayou, it remained an open common. He did not cut it up into lots. He sold none of it, and did nothing whatever with reference to it beyond the fence inclosing

the northernmost of the tenant houses. In replying to a letter offering to rent the house next the Fuchs property, he referred to it as "the house on Walker Avenue," a fact adduced by appellees on the issue of dedication. No declaration of purpose to dedicate was shown, and no formal acceptance on the part of the city. In 18— the street supervisor ditched Walker Avenue north of Bagby Street, but it is not shown how far north.

All the De George property outside of the fenced houses indicated remained open until 1898, and was used promiscuously by residents

near the bayou in going to and returning from the city. Goosby, of course, most frequently went by way of St. Mary to Walker Street, but could and did go in any direction. It is not shown how or when St. Mary Street was established. It is closed at the east end, and if Walker Street were opened as plaintiff contends, it would be a cul-de-sac at the bayou, as it is not bridged, and, if connected with St. Mary Street, would still be no thoroughfare. No act is shown on the part of De George indicating a purpose to dedicate any part of the land to public uses. The territory near the bayou is very sparsely settled.

As Goosby did not purchase from the vendor of De George, and none of the property has been sold with reference to mapped streets, there can be no estoppel against De George or his predecessors in title. We think the court erred in holding that Goosby had acquired by prescription an easement over any of the land in controversy. There was no specific claim of right to so use it; and the property north of the Walker Street fence complained of having been open, vacant and uninclosed, a promiscuous use of it in approaching other streets is not sufficient to put the owner on notice of an adverse claim. Such a doctrine would require owners of suburban vacant lands either to fence or stand guard at the peril of having their property burdened with easements in as many directions as the whim of the public or the lay of the land might turn the public footsteps. It is but natural, for instance, for those traveling a city street which stops at the corporate line, to extend it by use over outlying vacant property. But the law requires something more than mere use in such a case to impose the burden of an easement upon the land. Cunningham v. San Saba County, 1 Texas Civ. App., 480; Worthington v. Wade, 82 Texas, 28.

This is especially true in this country, where every one feels at liberty to pass at will over all uninclosed lands. Railway Co. v. Montgomery, 85 Texas, 67; Gilder v. City of Brenham, 67 Texas, 345. The evidence upon this issue we regard as undisputed, and we hold as matter of law that no prescriptive right was shown to the land north of the fence across the extension of Walker Street.

It is equally plain that the evidence does not present the issue of dedication below the point named. There is nothing in the evidence upon which to base such a theory. Defendant and his predecessors in title owned the entire width of the street from that point to the bayou. If it be conceded that the intention to throw open the street for its full width as far as the buildings and their fences extended was shown, it does not follow in any sense that a dedication beyond that point should be inferred. The intent of the owner to make such part a gift to the public is not shown by any fact or circumstance in the case. Such intent is absolutely necessary to the establishment of a dedication. Ramthun v. Halfmun, 58 Texas, 553. The letter of Ruby to his proposed lessee, if of any significance at all, applies to the street actually opened at that time. The house in question actually abutted on Walker street. In its effect upon Goosby the case operates harshly. But that

fact does not authorize this court to award him a way of necessity over defendant's lands without compensation to the owner.

We are of opinion the undisputed facts show that defendant acted within his rights. The judgment of the trial court is therefore reversed and judgment here rendered in favor of appellant.

*Reversed and rendered.*

Writ of error refused.