BRYSON v. ABNEY.   (No. 1273.)

(Court of Civil Appeals of Texas. Texarkana. July 1, 1914. Rehearing Denied Dec. 3, 1914.)

1. DEDICATION (§ 20*)—PUBLIC ROAD—EVIDENCE.

Where unclosed land of a parcel not platted into lots or streets was used generally by farmers and the public for the purpose of hitching horses, and leaving wagons thereon, and driving across and in a promiscuous way to reach roads on its margin, and there was no act of the owner or his predecessor indicating a purpose to dedicate the land to the public use, there was no dedication of a right of way.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 17–30; Dec. Dig. § 20.*]

2. EASEMENTS (§ 8*)—RIGHT OF WAY—PRESCRIPTION.

Where a use by the public of unclosed land of a tract, not platted into lots or streets, was permissive only, an easement of a public way by prescription could not be acquired.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 23, 24, 27–33; Dec. Dig. § 8.*]

Appeal from District Court, Harrison County; H. T. Lytteton, Judge.

Action by C. M. Abney against J. M. Bryson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

F. H. Prendergast and J. H. T. Bibb, both of Marshall, for appellant. Young & Abney and S. P. Jones, all of Marshall, for appellee.

LEVY, J. The appellee sought to enjoin the appellant from erecting a store building on the premises in suit, which lies directly in front of the appellee's residence, claiming that it would depreciate the value of his residence lot. The grounds pleaded for the relief asked are: (1) That there had been a dedication by the owners of the premises to public use; (2) that the premises was a public highway by prescription; (3) that J. W. Furrh, a prior owner, and the vendor of both the parties to this suit, made an agreement with appellee in the purchase and sale of the 30-foot strip off the premises in suit that no buildings should be erected on the part of the premises in suit, and that the right for

the premises to thereafter continue as a public highway passed by implication with Furrh's deed to appellee; and (4) estoppel of J. W. Furrh to deny an easement to the public in the premises.

The court submitted the case to the jury on special issues. The two pertinent questions submitted were: (1) Did John W. Furrh, or those from whom he acquired the property, dedicate the premises in question to the public uses as alleged in the plaintiff's petition, and (2) did J. M. Bryson either know, or have. notice of such facts and circumstances as would lead an ordinarily prudent person to discover, that the premises had been dedicated to public use at the time he purchased a part of the premises in suit? The jury answered the questions in the affirmative. Upon the verdict a decree was entered perpetuating the temporary injunction previously granted.

The seventh assignment is to the effect that there is failure of proof to support the verdict of the jury that there had been dedication of the premises to public use by John W. Furrh or his predecessors in title. It is believed that the conclusion is inevitable that the finding, as made by the jury, is not supported, as a matter of law, by the testimony in the record. And as the decree was founded on only one alleged ground, there is necessitated a reversal of such decree.

[1, 2] It appears that appellee bought a tract of 3½ acres from J. W. Furrh about 22 years ago, and on the eastern part of this lot was located his dwelling, which fronts south. Waskom is a village or community of few inhabitants, and the appellee's land is in Waskom. It does not appear that Waskom was ever platted into a town site, or land sold with reference to its being laid off into lots and streets. A public road from the north runs on the east of appellee's property and intersects on the south a road running from the west. Adjoining appellee's land on the south, and between it and the roads, there is located an open and vacant plat of land about 123 feet deep by 186 feet long. Between 10 and 12 years ago J. W. Furrh conveyed to appellee a strip off of the north of the above tract of about 30 feet by its length. Recently J. W. Furrh conveyed appellant a lot off of the west part of the strip of approximately 37 by 45 feet, and appellant undertook to erect a storehouse thereon. It is not deemed necessary to set out all the evidence. At the time appellee bought his residence lot the entire strip on the south was open, vacant land, and was so when he bought the 30-foot strip off of it. There is no evidence that any land was by the owners ever platted into lots or streets, or even laid off on the ground. There is no act of J. W. Furrh or his predecessors in title even tending to indicate a purpose to make a dedication of the strip to public use.

There is ample evidence showing that the uninclosed plat was, and had been for years, used generally by the farmers and public of the adjacent territory for purposes of hitching horses, and to drive and leave wagons and other vehicles on, and to drive vehicles across in a promiscuous way to reach the roads on its margin. There appears no specific claim of right in the public to so use it. ·All that the evidence shows, we conclude, is a mere permissive use by the public of the vacant plat, and no purpose or intention on the part of J. W. Furrh, or his predecessors in title, that it should be dedicated to the public. The evidence is not sufficient to constitute either a dedication by the owners. or an easement by prescription. De George v. Goosby, 33 Tex. Civ. App. 187, 76 S. W. 66; Heilbron v. Ry. Co., 52 Tex. Civ. App. 575, 113 S. W. 610, 979; City of Atlanta v. Ry. Co., 56 Tex. Civ. App. 226, 120 S. W. 923.

The judgment is reversed and the cause remanded.