**HARLAN v. HAWKINS et al.** (No. 3327.)

Court of Civil Appeals of Texas. Amarillo. Nov. 27, 1929.

C. D. Russell and W. W. Kirk, both of Plainview, for appellant.

C. D. Wright and O. R. Tipps, both of Silverton, Dennis Zimmermann, of Tulia, and Kinder & McMath, of Plainview, for appellees.

JACKSON, J. This is an injunction suit instituted in the district court of Briscoe county, Tex., by S. J. Harlan, plaintiff, against W. P. Hawkins and T. L. Anderson, defendants, to obtain a decree perpetually enjoining them from obstructing in any manner an alleged street in the town of Quitaque, in said county.

The plaintiff alleges:

That the defendant T. L. Anderson was the owner of the part of section 28 in block 3, Texas & Pacific Railway Company lands in Briscoe county, Tex., upon which the town of Quitaque is situated. That in December, 1907, said Anderson laid out said town and platted it into lots, blocks, and streets. That at the time the platting of the town was made there existed a public road 40 feet wide, which was described and intended to be located on the west line of said section 28. That, while the plat of the town does not so show, it was intended by said Anderson that the west line of the land platted into the town should run parallel with, and 20 feet east from, the west line of said section 28. That lots were platted fronting on said public road, and said road was adopted as a street, and existed as such at the time the said Anderson sold and conveyed lots Nos. 1 and 2 in block 25, as located on said plat of said town. That said lot No. 1 was intended to be, and now is, a corner lot with a frontage on Main street and a frontage on said street on the west line of said lot and plat, which is the only street that affords ingress and egress to said lot No. 1 on the west side thereof. That plaintiff is the owner of said lots 1 and 2 in said block 25, and by virtue thereof owns the title in fee to the center of said 40-foot strip or road running along and adjacent to the west side of lot No. 1, subject to the easement for said street.

That defendants are claiming some kind of title to the street on the west of plaintiff's said lot, and are threatening to and have begun the erection of a building on said street which, if completed, will prevent plaintiff from using said street for ingress and egress to his building on said lot, and cause him irreparable injury.

The defendant Hawkins answered by general demurrer, special exceptions, and general denial. He also pleaded by way of estoppel: That, before he purchased the strip of land claimed to be a street, he had no knowledge that said strip had ever been used or claimed as a road or street. That there was nothing of record or on the ground putting him on notice or inquiry of such claim, but, on the contrary, there was at the time he purchased the land in controversy a building situated thereon which had been there for a number of years. That plaintiff had made no effort to have said building removed, and without complaint had erected on his said lots 1 and 2 a business building with a concrete wall on the west line of said lot No. 1 and on the east line of this defendant's property. That, before Hawkins purchased the strip of land involved herein, he talked with plaintiff about said property and his contemplated purchase thereof, and plaintiff failed to advise this defendant that said strip was a street or that plaintiff claimed any right of ingress and egress to his property on the west by virtue thereof. That this defendant purchased said property for a valuable consideration, and erected valuable improvements thereon before he had any knowledge of the present contention of plaintiff, and, by reason of such facts, the plaintiff is estopped from claiming said property as his own or as a street.

Defendant T. L. Anderson answered by general demurrer, special exceptions, general denial, and adopted the plea of estoppel urged by his codefendant Hawkins.

The case was tried to a jury, and at the conclusion of the testimony the court directed a verdict in favor of the defendants, and, in compliance with the verdict so directed, rendered judgment that the plaintiff take nothing and be denied the injunctive relief sought, from which judgment this appeal is prosecuted.

The appellant challenges as error the action of the trial court in directing a verdict against him because the pleadings and evidence made an issue as to whether or not, at the time T. L. Anderson platted the town of Quitaque, there was along the west side of, and immediately adjacent to, the plat, a public road, and whether or not said defendant intended to dedicate such road to the public as a public street of said town. The record shows:

That section 27 is immediately south, and sections 19 and 20 are west, of and adjacent to section 28; that the northeast corner of section 20 is approximately 600 varas north of the southwest corner of section 28. That in 1892 there was entered in the minutes of the commissioners' court of Briscoe county a report of a jury of view describing by field notes what is called the Silverton and Memphis public road, and said road, so far as is material to this controversy, was to run east from the northwest corner of section 20 to its northeast corner, thence north 1,303 varas to the northwest corner of section 28.

In 1894 another order appears on the minutes of the commissioners' court, changing said road to run beginning at a point in the present road 600 varas north of the southwest corner of section 28, thence south with said section line 600 varas, etc.

That at the time these orders were entered, the appellee T. L. Anderson was clerk of said county and of said commissioners' court and recorded such orders. That in December, 1907, appellee T. L. Anderson owned and

platted into blocks, lots, and streets the part of section 28 on which the present town of Quitaque is located.

That in 1927 appellant purchased lots 1 and 2 in block 25 on the plat of the town of Quitaque, and erected a building on lot No. 1, 120 feet long, facing north on Main street with the west wall of said building on the west line of said lot, and he occupies this building as a business and residence homestead. That there are no doors in the west wall of said building, but there are seven windows in said west wall. That both of appellant's said lots face on Main street, which is 80 feet wide. That appellee W. P. Hawkins is the owner of the land immediately west and adjacent to appellant's lot No. 1, subject to any rights which the appellant may establish in this litigation.

That, at the time of the orders of the commissioners' court relative to establishing the public road from Silverton to Memphis, the location of the west line of section 28 and the east lines of sections 19 and 20 were not known, and were not correctly determined and accepted, until some time after appellee Anderson had platted the present town of Quitaque. That, as now established, the west line of section 28 is approximately 82½ feet west of the west line of the town of Quitaque, as platted, and the same distance from the west line of plaintiff's lot No. 1. That the road is on the west line of section 28, and extends 20 feet over on said section, leaving a strip of land approximately 62½ feet in width between the west line of appellant's property and the road situated on the west line of section 28. That the land purchased by appellee Hawkins, and upon which he has erected improvements, is the portion of said strip immediately west and adjacent to appellant's lot No. 1.

That in 1907, some time before T. L. Anderson platted the town of Quitaque, Mr. Wood placed a blacksmith shop west of where the east line of section 20 and the west line of section 28 was thought to be. That the shop was 30 feet wide, and extended 40 feet east and west, with the north line of the shop about 116 feet south of the north line of appellant's lots, and the east end or front of the shop was about 10 or 12 feet west of the west line of appellant's lot No. 1. The location of the shop is determined by measurements from an object still on the ground. That about 10 or 12 feet in front of the shop was a rack to which horses were hitched.

That the location of the Silverton and Memphis road on the ground was never determined until some years after the appellee Anderson platted the town of Quitaque, during which time the travel went pretty much as the convenience of each traveler suggested itself, but that there was a traveled road which ran generally north and south and to the east of the blacksmith shop and on appellant's lots.

The appellant testified that, at the time he purchased lots 1 and 2, there was situated on appellee Hawkins' property a building which was used and occupied, a part of which building it was necessary to cut away in order for appellant to erect the west wall of his building. That he was not told that lot 1 was a corner lot, but that he "always thought there was a strip along the side of his building."

The appellant introduced the plat of the town of Quitaque, which shows that the streets that run north and south open into Anderson street on the south of the plat and are left open on the north. That the streets running east and west open into Fourth street on the east, but that such streets are closed on the west. He introduced appellee Anderson as a witness, who testified that it was not his intention to provide a street or passageway on the west side of the plat; that he knew he had a strip of land on the west, but did not intend that it should be a street and never told anybody that he so intended.

Block 25, in which appellant's lots are situated, had no alley as platted, and on June 20, 1928, the twenty-four owners of the lots in said block, including the appellant and his wife, by a written instrument, duly signed and acknowledged, agreed to and opened a 20-foot alley running east and west through the middle of said block, and immediately south of appellant's property, and across the strip of land lying between the west line of the plat and the public road running along the west line of the section, and all of said owners in said written instrument agreed with T. L. Anderson that he is the owner of the strip of land lying west of the plat and extending to the west line of section 28.

"Dedication being an exceptional and peculiar mode of passing title to interest in land, the proof usually must be direct, cogent and convincing and the acts proved must not be consistent with any construction other than that of dedication. To justify a claim that land has been dedicated by the owner for public use, the proof should be very satisfactory either of an actual intention to dedicate or of such acts and declarations as to equitably estop the owner from denying such intention." 18 C. J. p. 96, § 107.

"In order to establish a dedication, the testimony must be such as to show an unequivocal setting apart of the property to some form of public use. Ramthun v. Halfman, 58 Tex. 551; City of Atlanta v. Railway Co., 56 Tex. Civ. App. 226, 120 S. W. 923; Clement v. City of Paris (Tex. Civ. App.) 154 S. W. 624; Worthington v. Wade, 82 Tex. 29, 17 S. W. 520." Sycamore Land Co. v. Rogers et al. (Tex. Civ. App.) 254 S. W. 212—quoted with approval in Kahn v. Bauch (Tex. Civ. App.) 275 S. W. 173, 174.

"To constitute a dedication there must be an intention on the part of the property owner to appropriate the property affected to a

public use. This intention may be manifested by expressed declaration of the property owner, or by his acts and conduct with reference to such property from which the existence of such intention may be fairly implied. Mere use of the property by the public, without a manifested intention on the part of the property owner to surrender to the public the dominion over the property, so far as such use may be concerned, is insufficient to establish a dedication to public use. Oswald v. Grenet, 22 Tex. 99; Ramthun v. Halfman, 58 Tex. 553; Bryson v. Abney (Tex. Civ. App.) 171 S. W. 508; De George v. Goosby, 76 S. W. 66, 33 Tex. Civ. App. 187; Worthington v. Wade, 82 Tex. 26, 17 S. W. 520; Parisa v. City of Dallas, 83 Tex. 256, 18 S. W. 568." Ladies' Benev. Soc. of Beaumont v. Magnolia Cemetery Co. (Tex. Com. App.) 288 S. W. 812, 814.

The strip of land that appellant claims to be a street is not designated on the town plat, and is in no way referred to or indicated on the plat as a street. The plat shows a street on the south, a street on the east, and that the streets running north and south are left open on the north, but that the streets that run east and west are closed on the west on the map. The fact that there is no opening left on the plat for the streets on the west negatives the intention of appellee Anderson to dedicate a street along the west side of the town. He testified, at the instance of the appellant, that it was not his intention to dedicate such strip as a street; there is no testimony that he ever represented to any one that there was or would be a street on the west, and there is no testimony that shows any act or acts on his part that would constitute a dedication or that would equitably estop him from denying an intention to dedicate. Neither does the testimony show an easement by prescription in favor of appellant or the public.

We think the court correctly directed a verdict in favor of the appellees. The judgment is affirmed.