### MAGGIE WORTHINGTON v. HENRY WADE ET AL.

#### No. 3199.

1. **Immaterial Error.**—Where upon the testimony a jury could not properly find otherwise than they did an error in the charge of the court is immaterial. See example.

2. **Public Road.**—See facts held insufficient to constitute a public road by any of the modes recognized by the laws of the State.

3. **Acquiescence.**—The mere acquiescence by the owner of uninclosed land in the use by the public of a road over it is not sufficient evidence of a dedication of the way to the public.

4. **Statute Construed.**—The Act of April 18, 1879, prescribing how a post and wire fence shall be built, was merely to prescribe such a fence as would enable land-owners to enforce certain remedies against the owners of trespassing animals, and not to prohibit any other kind of wire fence.

5. **Case Adhered to—Wire Fence.**—Davis v. Davis, 70 Texas, 174, adhered to in holding that we have no law which makes the construction of a barbed wire fence illegal.

6. **Negligence—Duty.**—A landowner owes no duty to persons trespassing upon his lands, in the construction of fencing not along public highways, and there could be no negligence in the construction of such fencing.

7. **Contributory Negligence.** — Were it negligence to erect a barbed wire fence near a private road it would be negligence in a party riding a horse difficult to control to approach such fence.

APPEAL from Hunt. Tried below before Hon. E. W. TERHUNE. The opinion states the case.

*Templeton & Evans,* for appellant.—1. The fence was an unlawful obstruction, and both defendants were responsible for the injuries received by deceased on it. Const., art. 16, sec. 26; Rev. Stats., title 52; Rev. Stats., arts. 2431, 4009; Penal Code, art. 686; 48 Texas, 372; 8 Cal., 469; 2 Thomp. on Neg., p. 900, notes 22, 23, 24, 25, 28, 29, and authorities cited.

2.  The erection of a fence of posts twenty feet apart and three barbed wires without any other material is negligence, and when erected across a highway or any way where people are accustomed to pass, it is gross negligence.

*Grubbs & Hefner,* for appellee Wade.—The deceased G. W. Worthington being within the inclosure of appellee Wade, without invitation or the implied permission of the owner, was a trespasser, and the appellee Wade owed him no duty whatever.  Whitaker's Smith on Neg., pp. 54, 74.

*Word & Charlton,* for appellee Griffith.—1.  A fence is not unlawful when constructed of good posts and three wires, if properly built. Davis v. Davis, 70 Texas, 124; Sisk v. Crump, 2 Am. Rep., 219.

2.  The deceased knew of the existence of the fence, and recklessly ran into it and contributed to his own injury.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the appellant to recover of appellees damages for the death of her husband, which was alleged to have been caused by their negligence.

Appellee Griffith was the owner of a tract of land in Hunt County known as the O. M. Roberts survey, and sold it to his codefendant Wade upon a credit.  At the time of the sale Wade executed to Griffith an agreement in which it was stipulated that if Wade should fail to pay a certain promissory note given for the purchase money of the land at its maturity he should pay $320 additional as liquidated damages, but with the proviso that if he should "within sixty days put a good post and wire fence on said land" the obligation was to be void.  In pursuance of the agreement Wade constructed the fence on the south boundary line of the tract.  Near the southwest corner of the survey an old road entered the land on its south boundary line and ran in a northwest direction across it.  One witness testified that it had once been worked as a public road, but all the other testimony showed that if this were true many years had elapsed since it had been recognized by the Commissioners Court as a public road.  A public road had once run through the survey which adjoined it on the west, but had been changed so as to run entirely west of the latter survey.  Before the change the old road through the Roberts survey was in common use by persons passing in vehicles and on horseback in order to reach the public road; but since the latter had been changed it had ceased to be used except by persons traveling on horseback.  A short time after the wire fence on the south line of the Roberts survey was constructed, the husband of the appellant was found lying in the old road near the point where the fence crossed it, seriously wounded.  The circumstances tended to show that he had been thrown upon the fence by a horse upon which

he had been seen riding in the direction of the place of the accident on the day he was found injured. He stated to a witness "that he had been keeping the mare that he was riding to run a race, and that she was pampered and skittish." He also said that his mare became frightened at some crows and "pitched" into the fence. He died from the effects of his wounds.

The case was submitted to a jury, who returned a general verdict for the defendants.

The sixth assignment of error is not copied in the brief, and must be deemed to have been waived. The seventh is too general to require consideration. The others complain of the charge of the court. If this verdict of the jury was the only proper verdict that could have been returned under the evidence, any errors that may have been committed by the court in its instructions were harmless and are not a ground for reversing the judgment.

The right of recovery in this case must be maintained, if at all, upon one of two theories—either the road was public and the fence an unlawful obstruction, or that the fence was dangerous and its construction negligence, even as to a person passing over the land without invitation or express permission from the owner. We assent to neither proposition.

All roads which have been laid out and established by authority of the Commissioners Court are public roads. Rev. Stats., art. 4315. A road not originally established under the statute may become public by long continued use and adoption as such by the County Commissioners with the assent of the owner or by prescription. A road may also become public in the sense that the public have the right to use it, by dedication. There is no direct evidence that the road in question was ever established as a public road by the Commissioners Court of Hunt County. The fact, as testified to by one witness, that it was worked many years ago, tends to show that such may have been the case; but the other testimony in the case leaves no doubt that if it ever had been recognized as a public road by the County Court, the public authorities had abandoned it and the owners' rights had again attached. The only evidence of dedication was the fact that it was for a long period of time in continued use by the public as a near way of reaching the county road which ran west of the Roberts survey in the direction of Greenville. No act of any owner was proved which tended to show an intention to dedicate it to the use of the public. In this State, the mere acquiescence of the owner of uninclosed land in the use by the public of a road over it is not sufficient evidence of a dedication. Ramthun v. Halfman, 58 Texas, 551; Gilder v. City of Brenham, 67 Texas, 345. We therefore conclude that the road was not public, and that the owner had the right to construct a fence across it.

Was the construction of the fence an act of negligence as to the deceased? It seems to be insisted that because the fence was not such as

is prescribed by the Act of April 18, 1879, it was unlawful to construct it. But the object of that act was merely to prescribe such a fence as would enable landowners to enforce certain remedies against the owners of trespassing animals, and not to prohibit any other kind of fence. Davis v. Davis, 70 Texas, 123. We have no law which makes the construction of a barbed wire fence illegal. But further, the defendants in this case in inclosing their land not along a public highway owed the deceased no duty. In building it they were not bound to consider that he or others would trespass upon the land. There being no duty owed to him, there could be no negligence as to him.

Even should the fence have been along a public highway, we should hesitate long before holding that mere proof that the fence consisted of barbed wire stretched upon posts is sufficient to show that the parties constructing it were guilty of negligence. We do not concur in the views expressed in the case of Mudgett v. Williams, 2 Texas Law Review, 338, in regard to barbed wire fences. That decision seems to have been by the Commission in a consent case, and not to have been approved by this court. Such fences are in general use in this State, especially in those sections where timber is scarce, and are rapidly supplanting all other methods of inclosing fields and pastures. It is unreasonable to suppose that our people would erect them around and through their inclosures, and thereby imperil the safety of themselves, of the members of their families, and of their livestock, if they were essentially dangerous.

But if it be negligent to erect a wire fence near a private road because it may endanger the safety of persons passing near it, it would be equally negligent for a person to approach it, especially upon a horse difficult of control. So that if the evidence in this case shows negligence on the part of defendants, it undoubtedly shows contributory negligence on the part of the plaintiff.

The judgment is affirmed.

*Affirmed.*

Delivered October 30, 1891.