Texas Midland Railroad Company v. W. A. Hooten.

Decided April 12, 1899.

**1. Charge—Inconsistent Instructions.**

Where charges given are so manifestly antagonistic as to nullify each other and leave the jury without a rule of law, it is ground for reversal.

**2. Negligence—Railroad Fires—Burden of Proof.**

Negligence is in general a question of fact for the jury; the exception in case of fires communicated from locomotive engines permits an instruction warranting a finding of negligence from such fact, and casting the burden of showing that the engine was properly constructed and equipped upon the defendant; and this is for the reason that the means of knowledge is in the possession of defendant, and not of plaintiff.

**3. Same—Innocent Intention.**

The burden cast upon defendant is to show proper construction and equipment of its engines, and not to show "innocent intention."

**4. Fencing Railroad—Question of Fact.**

Negligence of a railway company in fencing its right of way is a question of fact, and it is error to charge that such negligence may be inferred from the injury, or from any given state of facts.

**5. Negligence—Pleading.**

Pleading that a railway fence was so constructed as to "create a snare" is not equivalent to an allegation that it was negligently constructed.

APPEAL from the County Court of Delta. Tried below before Hon. C. C. Dunagan.

*L. L. Wood,* for appellant.

*Sharp & Bannister,* for appellee.

KEY, Associate Justice.—In this suit appellee, as plaintiff, sued appellant for damages resulting (1) from defendant's setting fire to and destroying the grass in his pasture; (2) from defendant's making and leaving open a gap in his fence, thereby permitting twelve of his sheep to escape; and (3) from the defendant's constructing a barbed wire fence inclosing its right of way in such a manner as resulted in killing two and injuring other of his horses. The case was tried before a jury and resulted in a verdict and judgment for the plaintiff.

The county judge prepared no charge of his own, but gave all the special charges requested by counsel for the respective parties. Two of these charges, the first requested by the plaintiff and the second by the defendant, read as follows:

"If you believe from the evidence before you that the grass in plaintiff's pasture was fired by defendant's locomotive, the law would imply negligence, and the burden of proof is upon the defendant to show its innocent intention."

"You are charged, before plaintiff can recover for damages done his pasture land and grass by defendant by burning, that plaintiff must prove that the defendant, through its agents, set fire to the grass and burned

it, and that the defendant negligently set said grass on fire. It is not sufficient for plaintiff to prove that the grass was fired by defendant, but must further prove that it was negligently set on fire."

On the other two phases of the case, viz., injury to the plaintiff's horses and loss of his sheep, each party requested and the court gave similar instructions to those set out above.

It will be readily perceived that these instructions are manifestly and directly in conflict with each other. The one requested by the plaintiff announces one proposition of law, while the one requested by the defendant announces directly the opposite. That almost any judge in the hurry of a jury trial may sometimes inadvertently approve inconsistent charges, is not a matter of wonder, but that such an error should occur three times in succession in an ordinary damage suit, when it is so obvious and glaring as in this case, is a matter of no little astonishment.

These charges are so manifestly antagonistic as to render it clear that they nullified and neutralized each other, and left the jury without any rules of law by which to determine the rights of the parties, and for this reason the judgment must be reversed.

When a plaintiff seeks to recover damages resulting from the negligence of a defendant, as a general rule the question of negligence is one of fact to be determined solely by the jury, and it is not competent for the court to instruct them that negligence will be implied from a given state of facts.

There are some exceptions to this rule, only one of which has any bearing on this case—that is, when sparks escape from a locomotive engine and set fire to grass belonging to an adjacent land owner. In such cases, it is proper to instruct the jury that if they believe from the testimony that the plaintiff's grass was destroyed by fire originating from sparks which had escaped from the defendant's locomotive engine, such proof will warrant a finding of negligence on the part of the railway company, and cast upon it the burden of showing that the engine was properly constructed and equipped with the best approved appliances for preventing the escape of fire, etc. Railway v. Horne, 69 Texas, 644; Railway v. Land and Cattle Co., 26 S. W. Rep., 79, and cases there cited.

The reason for this exception to the general rule, as given in Railway v. Horne, supra, is because the railroad company and its employes have possession and control of the engine and the means of knowing its condition, while the plaintiff has not.

From this it will be seen that so much of the special charge given at the request of plaintiff which instructed the jury that, if the plaintiff's grass was set on fire by sparks escaping from the defendant's engine, negligence might be presumed against the defendant, was correct; but the statement that such evidence placed the burden of proof upon the defendant to show its innocent intention was not correct. The question of intention has nothing to do with the case. If the proof showed that sparks escaped from defendant's locomotive engine and set the plaintiff's grass on fire, then the burden rested upon the defendant, not to show its

innocent intention, but to show that its engine was properly constructed, equipped, etc., as stated in the Horne case.

The other instructions given at the request of the plaintiff, concerning the presumption of negligence as to the other phases of the case, state the law incorrectly and should not have been given. Whether or not the defendant was guilty of negligence in the manner in which it fenced its right of way and in leaving gaps in the plaintiff's fence when it built its railroad, were questions of fact to be decided by the jury, and it was improper for the court on either of these phases of the case to instruct the jury that negligence would be presumed from any state of facts. Worthington v. Wade, 82 Texas, 26; Davis v. Davis, 70 Texas, 124; Hester v. Windham, 27 S. W. Rep., 1078.

It is true, as contended for counsel for appellee, that the verdict shows that the plaintiff recovered nothing on account of the loss of sheep, and the error in the court's charge on that phase of the case does not require a reversal of the judgment; but the same error was committed on the branch of the case concerning injury to plaintiff's horses, and the verdict awards the plaintiff damages for two horses killed and one injured.

We are also of the opinion that the court should have sustained the defendant's third special exception to the plaintiff's petition. This exception was addressed to so much of the petition as sought to recover damages for injuries to the plaintiff's horses, resulting from the manner in which the defendant had constructed the fence inclosing its right of way. The petition charges that the fence was so constructed as to create a kind of snare, and that the plaintiff's horses went therein and were injured on the wire fence, but does not, in terms, charge the defendant with negligence in this respect. We are not prepared to hold that charging that the fence was so constructed as to create a snare is equivalent to charging the defendant with negligence; and in this respect the petition should be amended.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*