OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 15, 2002

The Honorable Frank Madla
Chair, Intergovernmental Relations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0503

Re: Whether a county may maintain a road that has not been officially establish- ed as a public road but which has been accessible to and regularly used by the public (RQ-0469-JC)

Dear Senator Madla:

You ask whether a county may maintain a road that has not been officially established as a public road but which has been accessible to and regularly used by the public.[1] You also ask whether the commissioners court or individual commissioners determine which roads will be maintained by the county. As explained below, a county may expend public funds to construct, improve, or maintain only a "public road"; a county may not maintain a private road. A road may become a public road either pursuant to the procedures set forth in the county road and eminent domain laws, by dedication, or by prescriptive easement. The commissioners court establishes public roads under the various statutory provisions. Before maintaining a road that has not been officially established as a public road, a commissioners court must either obtain a judicial order declaring the road a public road or, alternatively, make its own determination that the road has become a public road by dedication or by prescriptive easement. In a county with a population of 50,000 or less, chapter 281 of the Transportation Code significantly limits the authority of the commissioners court to make such a determination.

Before addressing your specific questions, we review the applicable law, which is found both in statutes and in judicial opinions applying the common law to determine whether roads that have not been officially established as public roads have acquired that status. We begin with the road laws, which provide the general framework for county road administration.

Chapter 251 of the Transportation Code, the general county road law, authorizes a commissioners court to construct and maintain "public roads." *See, e.g.*, TEX. TRANSP. CODE ANN. §§ 251.003 (Vernon 1999) (construction and maintenance of public roads), .006 (obtaining material

---

[1]Letter from Honorable Frank Madla, Chair, Intergovernmental Relations Committee, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (Nov. 26, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

for public roads). Although under chapter 251 county commissioners are the supervisors of the public roads and a commissioner has certain duties with regard to the roads in his or her precinct, *see id.* §§ 251.004, .005, ultimate authority with respect to roads is vested in the commissioners court. *See Guerra v. Rodriguez*, 239 S.W.2d 915, 920 (Tex. Civ. App.–San Antonio 1951, no writ) (supervision of public roads by commissioner acting as road supervisor "is subject to the general supervision of the Commissioners' Court") (construing statutory predecessor to Transportation Code, section 251.004).

Chapter 252, which provides alternate systems for county road administration, also speaks in terms of county construction and maintenance of "public roads." Furthermore, under these alternate systems, the commissioners court retains ultimate control over which roads are maintained by the county. *See, e.g.*, TEX. TRANSP. CODE ANN. §§ 252.005(a), .006 (Vernon 1999) (in ex officio road commissioner system "commissioners court shall adopt a system for laying out, working on, draining, and repairing the public roads" which is then directed by ex officio road commissioner), .105(b)(3) (in road commissioner system, road commissioner "under the direction of the commissioners court, [shall] spend the money entrusted to the road commissioner by the court . . . on the public roads"), .205(a) (in road superintendent system, road superintendent has general supervision "over the public roads," subject to orders of the commissioners court), .309(a) (in county road department system, county road engineer "is responsible to the commissioners court for the efficient and economical construction and maintenance of the county roads").[2] Similarly, chapter 256 of the Transportation Code limits use of money in a county road and bridge fund to "public roads" and provides that money in the fund may be spent only by order of the commissioners court. *See id.* § 256.001(a) (county road and bridge fund "may be used only for working public roads and building bridges, except as otherwise provided by law"), (b) (moneys spent only by order of commissioners court).

A county may not maintain a private road, with one limited exception. Under article III, section 52f of the Texas Constitution, a county with a population of five thousand or less is permitted to construct and maintain private roads if it imposes a reasonable charge for the work. *See* TEX. CONST. art. III, § 52f; *see also id.* §§ 51, 52 (limitations on use of public funds for private purposes). But, as this office noted in Attorney General Opinion JC-0172, "Aside from the narrow authority granted by article III, section 52f . . . , counties are not constitutionally or statutorily authorized to construct or maintain private roads." Tex. Att'y Gen. Op. No. JC-0172 (2000) at 2

---

[2]*See also* TEX. REV. CIV. STAT. ANN. art. 6812b, § 3 (Vernon 1960) ("The county engineer shall, under the direction of the Commissioners Court, and as soon as practicable, classify all public roads in such county, and such classification when completed, and when approved by the court, shall become a part of the permanent records, of roads and bridges, of said counties.") (road law applicable to counties having a population of more than 198,000 inhabitants, and less than 400,000 inhabitants with an incorporated city having a population in excess of 250,000); *id.* art. 6812b-1, § 2(a) (Vernon Supp. 2002) ("The county engineer shall, under the direction of the commissioners court, and as soon as practicable, classify all public roads in such county, and such classification when completed, and when approved by the court, shall become a part of the permanent records of roads and bridges of said county.") (road law providing for appointment of a county engineer in any county having a population of not less than 280,000 nor more than 300,000).

(citing *Ex parte Conger*, 357 S.W.2d 740 (Tex. 1962); Tex. Att'y Gen. Op. Nos. JC-0016 (1999) at 3, DM-13 (1991) at 3-4, JM-334 (1985) at 2, JM-200 (1984) at 2).

Under section 251.002 of the Transportation Code, a public road is defined as follows: "A public road or highway that has been laid out and established according to law and that has not been discontinued is a public road." TEX. TRANSP. CODE ANN. § 251.002 (Vernon 1999). But, as the Texas Supreme Court has recognized, there are other ways in which a road may become a public road:

> All roads which have been laid out and established by authority of the commissioners' courts are public roads. . . . A road not originally established under the statute may become public by long-continued use and adoption as such by the county commissioners with the assent of the owner or by prescription. A road may also become public, in the sense that the public have the right to use it, by dedication.

*Worthington v. Wade*, 17 S.W. 520, 521 (1891).

We briefly examine the ways in which a road may become a public road. First, various statutes provide for the establishment of roads by a commissioners court. Subchapter B of chapter 251 of the Transportation Code generally authorizes a commissioners court to "order that public roads be laid out, opened, discontinued, closed, abandoned, vacated, or altered," TEX. TRANSP. CODE ANN. § 251.051(a)(1) (Vernon 1999), and provides procedures by which a commissioners court may establish and lay out a public road, *see id.* §§ 251.052 (providing for new road or change in road upon petition of property owners), .053 (providing for declaration of public road upon application of certain property owners), .054 (requiring that new road ordered by commissioners court be laid out by jury of view); *see also id.* ch. 281 (special rules for acquisition of public interest in private roads in counties with population of 50,000 or fewer).

Under chapter 253 of the Transportation Code, a road in a subdivision that the commissioners court orders improved becomes a county road. *See id.* §§ 253.001-.011. That chapter requires the commissioners court, among other things, to determine that improvement of the road is "necessary for the public health, safety, or welfare of the residents of the county," *id.* § 253.003; to provide notice of its proposal to improve the road and to assess all or part of the costs against the landowners in the subdivision, *id.* § 253.004; to hold a public hearing, *id.* § 253.005; and to obtain approval of a majority vote of the landowners in the subdivision, *id.* §§ 253.006-.007.

A county may also purchase land or condemn land for road purposes pursuant to its general authority under eminent domain statutes. *See* TEX. LOC. GOV'T CODE ANN. §§ 261.001(a) (Vernon 1999) ("A county may exercise the right of eminent domain to condemn and acquire land, an easement in land, or a right-of-way if the acquisition is necessary for the construction of a jail, courthouse, hospital, or library, or for another public purpose authorized by law."), 270.001 ("A

deed, grant, or conveyance that is made, is acknowledged or proven, and is recorded as other deeds of conveyance to a county, to the courts or commissioners of a county, or to another person for the use and benefit of a county vests in the county the right, title, interest, and estate that the grantor had in the property at the time the instrument was executed and that the grantor intended to convey."); TEX . PROP. CODE ANN. §§ 21.001-.040 (Vernon 1984 & Supp. 2002), 21.041-.065 (Vernon 2000 & Supp. 2002) (eminent domain).

Under these statutory provisions, it is clear that the authority to establish public roads is vested in the commissioners court, even in counties using alternate systems for county road administration. *See* citations, *supra* p. 2; *see also* Tex. Att'y Gen. Op. Nos. JM-1155 (1990) at 2 ("[E]ven though each county commissioner is responsible for supervising road work in his precinct and keeping himself informed as to road conditions, he generally has little further authority. The County Road and Bridge Act . . . essentially means that county roads are opened, constructed, and maintained by the commissioners court as a whole and not by individual county commissioners.") (construing statutory predecessor to Transportation Code, chapter 252, subchapter A, providing for alternate system in which commissioners serve as ex officio road commissioners); JM-892 (1988) at 5 ("If the commissioners court has no such general authority [to maintain a private road], it follows that an ex officio road commissioner possesses no such power, his authority being subject to commissioners court direction.").

In addition to the statutory provisions providing for the establishment of public roads by commissioners courts, a road may also become a public road by dedication or an easement by prescription.

"Dedication" of a private roadway is the setting aside of the roadway for the public use for a passageway. *See Viscardi v. Pajestka*, 576 S.W.2d 16, 18 (Tex. 1978). For example, the owner of a county subdivision may dedicate roads to the public in a subdivision plat pursuant to statute. *See* TEX. LOC. GOV'T CODE ANN. ch. 232, subch. A (Vernon 1999 & Supp. 2002) (platting requirements in county subdivision). When the commissioners court approves the subdivision plat and the dedication is accepted, the roads become public roads. *See, e.g., id.* § 232.002(a) ("The commissioners court of the county in which the land is located must approve, by an order entered in the minutes of the court, a plat required by Section 232.001. The commissioners court may refuse to approve a plat if it does not meet the requirements prescribed by or under this chapter or if any bond required under this chapter is not filed with the county."); Tex. Att'y Gen. Op. No. JM-200 (1984) at 4 ("to render a dedication complete, there must be an acceptance of the dedication. An acceptance, too, may be express or implied. A commissioners court expressly accepts a dedication when it votes on and notes the acceptance in the minutes. However, the mere filing and approval of a subdivision plat showing streets to be dedicated does not constitute an acceptance. An acceptance may be implied, for instance, . . . where a county makes repairs upon the street, or plats it on official maps. An acceptance may also be implied from long-continued public use of the property.") (citations omitted); *see also* Tex. Att'y Gen. Op. Nos. JC-0172 (2000), JM-317 (1985).

Dedication may be also accomplished by either an express grant or by implication under the common law. *See Viscardi v. Pajestka*, 576 S.W.2d at 19. Generally, an express dedication is accomplished by deed or a written document. *See Moody v. White*, 593 S.W.2d 372, 378 (Tex. Civ. App.–Corpus Christi 1979, no writ). Implied dedication, on the other hand, requires showing unmistakable acts on the part of the landowner that clearly establish his intent to donate the land to public use. *See id.* Whether dedication is implied or express, there are four distinct elements that must be present: (i) the person who makes the dedication must have the ability to do so (*i.e.*, the landowner must have fee simple title); (ii) there must be a public purpose served by the dedication; (iii) the person must make either an express or implied offer; and (iv) there must be an acceptance of that offer. *See id.*; *see also Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 256-57 (Tex. 1984) ("The essential elements of implied dedication are: (1) the acts of the landowner induced the belief that the landowner intended to dedicate the road to public use; (2) he was competent to do so; (3) the public relied on these acts and will be served by the dedication; and, (4) there was an offer and acceptance of the dedication."). Neither official adoption or recognition is necessary in cases of implied dedication. The public can accept a dedication by general and customary use. *See Moody*, 593 S.W.2d at 379.

With respect to an easement by prescription, also a common-law doctrine, a private road may become a part of the public domain after long and continuous usage by the public. The public's right to a road by prescriptive easement ripens after ten years of continuous and uninterrupted public use that is adverse and exclusive and that is open and notorious or known to the landowner and acquiesced in by him or her. *See generally* Tex. Att'y Gen. LO-95-078, at 3. Generally, the public's prescriptive acquisition of a road is not dependent on the county's recognition of the road as a public highway. *See id.* (citing *Porter v. Johnson*, 151 S.W. 599, 601 (Tex. Civ. App.–Dallas 1912, no writ); *Love v. Olguin*, 572 S.W.2d 17 (Tex. Civ. App.–El Paso 1978, writ ref'd n.r.e.)).

Both the courts and attorney general opinions have recognized that a county is authorized to maintain not only those roads that have been officially established as public roads by the commissioners court pursuant to statute, but also those roads that have become public roads by dedication or by prescription under the common law. *See, e.g., Stein v. Killough*, 53 S.W.3d 36, 43 (Tex. App.–San Antonio 2001, no pet.) (county is authorized to maintain roads "if the roads were originally established as public roads by the commissioners' court, by prescription, or by dedication and acceptance by the public or local authorities") (citing Tex. Att'y Gen. Op. No. JM-200 (1984)); Tex. Att'y Gen. Op. No. JM-200 (1984) at 3; Tex. Att'y Gen. LO-95-078 (the county may expend county funds to maintain or improve the road that has become a public road by prescription). We have not been able to locate any judicial or attorney general opinion, however, that addresses what steps a county must take, if any, before maintaining roads falling in the latter category.

In order to avoid the prohibition against county maintenance of private roads, a county may bring a legal action to clarify the status of a road before maintaining it. *See, e.g., Gutierrez v. County of Zapata*, 951 S.W.2d 831 (Tex. App.–San Antonio 1997, no writ) (action brought by county against landowner seeking to enjoin interference with public's right to use road and to declare it a public road as a result of an express or implied dedication). Alternatively, we believe that a

commissioners court may determine that a road (that has not been officially established as a public road) has become a public road by dedication or by prescription. Although no statute specifically authorizes a commissioners court to determine whether a road has become a public road by easement or by prescription and no judicial opinion directly addresses this issue, a 1969 opinion of this office suggests that a commissioners court has the implied authority to make an administrative determination that a road has become a public road for the limited purpose of permitting county action with respect to the road. *See* Tex. Att'y Gen. Op. No. M-534 (1969) (commissioners court has the power to make an administrative determination that a road is a public road). Such a determination would not, however, finally resolve the rights of private parties with respect to the road. *See id.* Private landowners and others affected by a commissioners court's determination that a road is a public road may seek to have their rights adjudicated by a court. In such an action challenging a commissioners court's determination that a road is a public road, the status of the road would be a question of fact. *See, e.g., Lindner v. Hill*, 691 S.W.2d 590, 591 (Tex. 1985) ("the determination of whether a public right-of-way has been acquired by dedication is a question of fact"); *Gutierrez*, 951 S.W.2d at 837 (status of roadway was decision for jury as trier of fact). On the other hand, a court might accord the commissioners court's determination greater deference in a taxpayer action challenging the use of county funds to maintain a road. *See, e.g.,* Tex. Att'y Gen. Op. No. JC-0036 (1999) at 6 ("Whether a particular use of county funds is for a county purpose is a determination that a commissioners court must make in the first instance, subject to judicial review for abuse of discretion. Therefore, a commissioners court may expend county funds to improve a city street if it determines that such expenditure serves a county purpose. A determination that the expenditure serves a county purpose must, of course, be reasonable.") (citing *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997); Tex. Att'y Gen. Op. No. JM-1255 (1990) at 3).

Given that the legislature has vested commissioners courts with the authority to establish and maintain county roads, any county determination that a road has become a public road by common-law dedication or prescriptive easement, and is therefore eligible for county maintenance, is a matter for the commissioners court as a whole and is not within the authority of individual commissioners or other road officials. *See* citations, *supra* pp. 2, 3-4; *see also Maples v. Henderson County*, 259 S.W.2d 264, 268 (Tex. Civ. App.–Dallas 1953, writ ref'd n.r.e.) (no member of commissioners court acting alone may bind court or county in matter of road construction); Tex. Att'y Gen. Op. No. JM-334 (1985) (under ex officio road commissioner system, commissioners court, rather than ex officio road commissioner, determines when road has become a public road under the common-law theories of dedication and adverse possession) (construing statutory predecessor to Transportation Code, chapter 252, subchapter A, providing for alternate system in which commissioners serve as ex officio road commissioners); *see also* Tex. Att'y Gen. Op. No. JM-1155 (1990) (opening, construction, and maintenance of county roads is matter for commissioners court as a whole).

Significantly, the law operates somewhat differently in counties of 50,000 or fewer persons. In those counties, the common-law doctrines of implied dedication and easement by prescription have been modified by chapter 281 of the Transportation Code, which provides that an affected

county may acquire a public interest in a private road only by purchase, condemnation, express dedication, or a court's final judgement of adverse possession. *See* TEX. TRANSP. CODE ANN. § 281.002 (Vernon 1999). The predecessor statute to chapter 281, article 6812h of the Revised Civil Statutes, abolished the applicability of the doctrine of implied dedication of roads in counties of 50,000 or fewer, *see id.* § 281.003 (providing that dedication must be express), and limited the basis for acquiring an interest in a road by adverse possession, *see id.* § 281.004 (for purposes of chapter 281 adverse possession is not established by public use of private road with owner's permission or maintenance of road with public funds), as of its effective date, August 31, 1981. *See Lindner*, 691 S.W.2d 590; *Las Vegas Pecan & Cattle Co.*, 682 S.W.2d at 256-57. Chapter 281 is not retroactive and does not apply to implied dedications and easements by prescription occurring before its statutory predecessor's effective date. *See Lindner*, 691 S.W.2d 590; *Las Vegas Pecan & Cattle Co.*, 682 S.W.2d at 256-57; *see also* Tex. Att'y Gen. LO-95-078, at 5 (construing chapter 281 not to apply to an easement by prescription ripening before August 31, 1981, and concluding that chapter 281 does not require that county obtain a judicial declaration of a public road by prescriptive easement before it may spend public funds to maintain the roadway).

As a result of the chapter 281 requirement that a county of 50,000 or fewer may acquire a public interest in a private road by adverse possession only by a court's final judgment and the chapter's repeal of implied dedication of roads, *see* TEX. TRANSP. CODE ANN. §§ 281.002(4), .003 (Vernon 1999), a road may not become a public road by implied dedication or prescription based on events occurring after the chapter's effective date. To the extent chapter 281 limits the right of the public to acquire an interest in a road by implied dedication or prescription, it also necessarily limits the authority of a commissioners court to determine the status of roads and to maintain them on the basis of those common-law doctrines.

With regard to your specific questions, you ask whether a county may use public funds to construct, improve, or maintain a road "which has been accessible to and regularly used by the public, but which has not been officially designated as a county or otherwise 'public' road." Request Letter, *supra* note 1, at 1. You also suggest that in counties operating under alternative systems for county road administration under chapter 252 of the Transportation Code, an individual commissioner, acting as an ex officio road commissioner or supervisor, is authorized to determine which roads will be constructed, maintained, or improved with county funds. *See id.* at 2.

A county may not expend public funds to construct, improve, or maintain a road that is not a "public road," except as authorized by article III, section 52f of the Texas Constitution. Under the foregoing statutes and authorities, a road may become a public road either pursuant to the procedures set forth in the county road and eminent domain laws, by dedication, or by prescriptive easement. A commissioners court must determine whether a road that has not been officially established as a public road has become a public road by dedication or by prescriptive easement and thus may be maintained by the county. The determination regarding the status of a road is not within the authority of individual commissioners or other road officials. As noted above, the authority of a commissioners court in a county subject to chapter 281 of the Transportation Code is more limited. Alternatively, the county may obtain a court order establishing the status of a road.

Finally, we note that in addition to the possibility of county maintenance, the status of a road as a public road will have other legal consequences for the landowner. For example, a "public road" must be open to the general public and free of all obstructions. *See* TEX. TRANSP. CODE ANN. § 251.008 (Vernon 1999); TEX. PEN. CODE ANN. § 42.03 (Vernon 1994) (offense of obstructing a highway, street, or any other place used for passage of persons, vehicles, or conveyances); *see also Richardson v. State*, 5 S.W.2d 141, 142 (1928) (for purposes of criminal prosecution for obstructing public road, road is a public road if facts establish that it "had long been used as a public road and had been recognized as such by order of the [commissioners court] apportioning hands to work it"). *But see* TEX. TRANSP. CODE ANN. § 251.010 (Vernon Supp. 2002) (gates allowed on certain third-class and neighborhood roads).

## S U M M A R Y

A county is limited to expending public funds on the construction and maintenance of public roads. A county may not expend public funds to construct, improve, or maintain private roads, except as authorized by article III, section 52f of the Texas Constitution. In general, a road may become a public road either pursuant to the statutory procedures set forth in the county road and eminent domain laws, by dedication, or by prescriptive easement.

Before maintaining a road that has not been officially established as a public road, a commissioners court must either obtain a judicial order declaring the road a public road or, alternatively, in a county with a population greater than 50,000, make its own determination that the road has become a public road by dedication or by prescriptive easement. Private landowners or others affected by a commissioners court's determination that a road is a public road may seek to have their rights adjudicated by a court. In such an action challenging a commissioners court's determination that a road is a public road, the status of the road would be a question of fact.

In counties of 50,000 or fewer persons governed by chapter 281 of the Transportation Code, a commissioners court is not authorized to determine that a road has become a public road by dedication or by prescriptive easement based on events occurring after that chapter's effective date, or to maintain such a road on the basis of those common-law doctrines.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee