ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 2, 2008

The Honorable R. Lowell Thompson
Navarro County Criminal District Attorney
Navarro County Courthouse
300 West Third Avenue, Suite 203
Corsicana, Texas 75110

Opinion No. GA-0659

Re: Legal status of a portion of a road originally built as an Ellis County road but which a later survey established as located in Navarro County (RQ-0682-GA)

Dear Mr. Thompson:

You ask about the legal status of a portion of a road known as Slama Road, originally built as an Ellis County road but which a later survey established as located in Navarro County.[1]

You recount that in 1902, the Ellis County Commissioners Court established Slama Road by a jury of view as a "Public Road of the 3rd class" extending through Ellis County "to [the] Navarro County line," where the road came to a dead end. Request Letter, *supra* note 1 (Minutes of Commissioners' Court, Ellis County, Texas, Exhibit 1 (Aug. 1902) & Exhibit 2 (Nov. 1902), attached to Request Letter). In 1931, however, the Commissioners Courts of Ellis and Navarro Counties ordered their surveyors to resurvey the line dividing the two counties. Request Letter, *supra* note 1, at 3. The resurvey shows that portions of tracts thought to be in Ellis County are in fact in Navarro County. *Id.* Although the surveyors' report does not expressly mention roads, it can be determined from it that the last .0432 of a mile of Slama Road, to its termination, actually lies in Navarro County. *Id.* A landowner contends that "the southernmost 0.432 mile of Slama Road [is] a *public road* of Navarro County."[2] You assert that there is no record "of any action whereby the Navarro County Commissioner's Court established any portion of Slama Rd. as a *public road* of Navarro County." Request Letter, *supra* note 1, at 8 (emphasis added).

By "public road of Navarro County," we understand you to mean a road that is part of the Navarro County system of roads. While opinions and statutes occasionally use the terms "public

---

[1]*See* Letter from Honorable R. Lowell Thompson, Navarro County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Feb. 22, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2]*See* Brief from Mr. Keith A. Clouse, Clouse Dunn Khoshbin LLP, on behalf of James Mayes Farms, Inc., to Honorable Greg Abbott, Attorney General of Texas, at 6 (Mar. 25, 2008) (on file with the Opinion Committee) [hereinafter JMF Brief] (emphasis added).

road" and "county road" interchangeably,[3] it is helpful to observe each term's respective primary meaning. In an early opinion, the Supreme Court of Texas explained the meaning of the term "public road":

> All roads which have been laid out and established by authority of the commissioners' courts are public roads. A road not originally established under the statute may become public by long-continued use and adoption as such by the county commissioners with the assent of the owner or by prescription. *A road may also become public, in the sense that the public have the right to use it, by dedication.*

*Worthington v. Wade*, 17 S.W. 520, 520–21 (Tex. 1891) (emphasis added) (citations omitted); *see also Buffington v. DeLeon*, 177 S.W.3d 205, 210 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (quoting *Worthington*); *Stein v. Killough*, 53 S.W.3d 36, 43 (Tex. App.—San Antonio 2001, no pet.) (same); *Camilla Twin Harbor Volunteer Fire Dep't., Inc. v. Plemmons*, 998 S.W.2d 413, 415 (Tex. App.—Beaumont 1999, pet. denied) (same). Thus, a "public road" in the broadest sense is a road that, whether as a result of governmental action or otherwise, the public is entitled to use as a matter of right, as distinguished from a private road. *See Worthington*, 17 S.W. at 521; *Bradford v. Moseley*, 223 S.W. 171, 174 (Tex. Comm'n App. 1920, judgm't adopted) ("A road open to the public is a public road."); *Atchison, Topeka & Santa Fe Ry. Co. v. Acosta*, 435 S.W.2d 539, 548 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.) ("Before a road is a public road, it must be used by the public generally as a matter of right.").

A county road, on the other hand, is a public road that the commissioners court has accepted into the county's system of roads. *See Burke v. Thomas*, 285 S.W.2d 315, 320 (Tex. Civ. App.—Austin 1955, writ ref'd n.r.e.) (stating that the term "county road . . . means a public way for normal means of travel within a county *under county supervision and control*") (emphasis added); Tex. Att'y Gen. Op. No. GA-0594 (2008) at 4 (stating that "even if the roads in question were dedicated to the public, they would not be county roads unless the commissioners court accepted the roads into the county road system").[4] While all roads in a county's system of roads are "public

---

[3]Chapter 251 of the Transportation Code, in particular, uses the term "public road" to denote a road in the county system of roads. *See, e.g.*, TEX. TRANSP. CODE ANN. §§ 251.007 (Vernon 1999) (requiring the "commissioners court of each county [to] classify each public road in the county as a first-class, second-class, or third-class road" and establishing standards for each class of road); 251.051(a)(1) (imposing duty on the commissioners court to "order that public roads be laid out, opened, discontinued, closed, abandoned, vacated, or altered"); 251.053(a) (providing procedure for a commissioners court to "declare as a public road" certain "neighborhood roads"). *See also id.* § 251.002 (using the term "public road" to refer to "[a] public road or highway that has been laid out and established according to law and that has not been discontinued").

[4]County "public roads" are ultimately the property of the State. *Robbins v. Limestone County*, 268 S.W. 915, 918 (Tex. 1925). The Legislature, however, has granted the county commissioners courts "general control over the roads" within their respective counties. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). *See, e.g.*, TEX. TRANSP. CODE ANN. §§ 251.016 (Vernon Supp. 2007) (stating that a "commissioners court of a county may exercise general control over all roads, highways, and bridges in the county"); 251.051(a)(1) (Vernon 1999) (stating that
(continued...)

roads," not all public roads are part of the system of roads maintained by the county. *See Buffington*, 177 S.W.3d at 210–11 (upholding finding that a road was a "public road" even though the county had not "accepted" it for maintenance); *City of Houston v. Hughes*, 284 S.W.2d 249, 252–53 (Tex. Civ. App.—Austin 1955, writ ref'd n.r.e.) (holding that "[t]he laying out or maintenance of a road by public authority is not essential to its being a public road"); Tex. Att'y Gen. Op. No. GA-0359 (2005) at 1–2 (explaining that "[a] public road is not necessarily part of the county road system"). To establish or accept a road in the county system of roads through official action, the commissioners court must act as a body through its minutes. *Eastex Wildlife Conservation Ass'n v. Jasper*, 450 S.W.2d 904, 907 (Tex. Civ. App.—Beaumont 1970, writ ref'd n.r.e.). Once a public road has been established as a county road, the county has a general duty to maintain it. *See* TEX. TRANSP. CODE ANN. § 251.051(c) (Vernon 1999) (providing that a commissioners court may not "discontinue" a county road "until a new road designated by the court as a replacement is ready to replace it"); *see also id.* § 251.001(2) (defining "discontinue" as ceasing road maintenance).

You ask whether "the very action of the [1931] re-surveying and clarification of the boundary line between the two counties—as a result of which the location of the southeasternmost segment of what had been established as a county road of Ellis County came to be recognized as being a part of Navarro County—resulted in the establishment thereof as a county road of Navarro County." Request Letter, *supra* note 1, at 1. You assert that a review of Navarro County records "failed to reveal any document even suggesting that the [Commissioners Court] of Navarro County has ever taken any affirmative action to include Slama Rd., or any part of it, as a part of the system of county roads of Navarro County." *Id.* at 5.[5] Also, you expressly exclude from your question "fact-driven theories which might . . . result in an authoritative resolution of the inquiry as to the legal status of the road." *Id.* at 4. Thus, we understand your question to be whether the 1931 order of the Navarro County Commissioners Court, on its face, had the legal effect of establishing the portion of Slama Road located in Navarro County as a county road in the system of roads maintained by Navarro County.

To answer your question, however, first requires consideration of the 1902 order of the Ellis County Commissioners Court establishing Slama Road. A commissioners court's jurisdiction to establish a county road ends at the county line. *Haverbekken v. Coryell County*, 247 S.W. 1086,

---

[4](...continued)
"[t]he commissioners court of a county shall . . . order that public roads be laid out, opened, discontinued, closed, abandoned, vacated, or altered"); 251.053(a) (providing for the establishment of "neighborhood roads"); 251.054 (providing for the establishment of road by jury of view).

[5]A submitted brief challenges certain aspects of your account of the history of Slama Road, particularly with regard to events in 1931 and thereafter. *See* JMF Brief, *supra* note 2. We endeavor to answer legal questions in the context of the facts presented but, as you point out, the opinion process does not resolve factual disputes. *See* Request Letter, *supra* note 1, at 4; Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process). To answer a requestor's questions of law, then, we assume that the requestor's description of the facts is correct. Tex. Att'y Gen. Op. No. GA-0457 (2006) at 2 n.2. For purposes of this opinion, then, we consider only the 1902 and 1931 orders described above.

1088 (Tex. 1923).[6]  Thus, the Ellis County Commissioners Court did not have the authority to establish a county road in Navarro County.  The order of the Ellis County Commissioners Court established Slama Road as a part of the Ellis County road system.  The fact that a portion of the road inadvertently extended into Navarro County did not make that portion a part of the Navarro County road system.   It is unlikely that a court would conclude that the actions of the Ellis County commissioners court in excess of its jurisdiction are binding on Navarro County.

We next consider the 1931 order of the Navarro County Commissioners Court adopting the resurvey report.  The resurvey report establishes the location of tracts of land in the respective counties but does not mention roads.  The report refers to plats that accompanied the report at the time, but apparently they are not now a part of the county record.  Nothing in the order adopting the survey purports to adopt roads or portions of roads as a part of the county road system.  While it appears to be a case of first impression, a court is likely to conclude that the 1931 order does not on its face establish the portion of Slama Road located in Navarro County as a part of the Navarro County road system.  *Cf. Comm'rs Court v. Frank Jester Dev. Co.*, 199 S.W.2d 1004, 1007 (Tex. Civ. App.—Dallas 1947, writ ref'd n.r.e.) (holding that filing of a plat purporting to dedicate streets and roads "does not make them public roads, with consequent obligation on the Commissioners' Court" to assume their maintenance); Tex. Att'y Gen. Op. No. GA-0594 (2008) at 3 (stating that "[a] commissioners court's approval of a plat . . . does not convert private roads represented on the plat into county roads or impose on the county a duty to maintain them").

---

[6]On the other hand, a county "may contract with [an] adjoining county for the extension [of a farm-to-market road in the adjoining county] and agree to pay all or part of the cost that the adjoining county necessarily incurs in extending the road." TEX. TRANSP. CODE ANN. § 251.055 (Vernon 1999).

**S U M M A R Y**

An order of the Navarro County Commissioners Court adopting a resurvey report does not establish as a matter of law that a portion of a road previously thought to be located in Ellis County but actually located in Navarro County is a Navarro County road.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee