Opinion filed December 15,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00181-CV

                                                    __________

 

                                    ROYE
RAY PAYNE, Appellant

 

                                                             V.

 

                        ROBERT
DOTY AND LISA DOTY, Appellees



 

                                   On
Appeal from the 220th District Court

 

                                                           Bosque
County, Texas

 

                                          Trial Court
Cause No. 09-04-06509-BCCV

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Plaintiffs,
Robert Doty and Lisa Doty, brought suit against Roye Ray Payne after Payne obstructed
a roadway that traversed land owned by Payne and led to land owned by the
plaintiffs.  The plaintiffs asserted that the roadway was a public road.  Payne
denied that the road was a public road and affirmatively asserted that, if the
road had been a public road, it had been abandoned.  After a bench trial, the
trial court entered judgment declaring the road to be a public road, enjoining
Payne from interfering with the use of the road, and awarding attorney’s fees
to the plaintiffs in the amount of $10,000.  Payne appeals.  We affirm.  

Issues

            Payne
presents five issues on appeal.  In the first and second issues, Payne
challenges the legal and factual sufficiency of the trial court’s finding that
the road is a public road.  In the third and fourth issues, Payne contends that
he presented conclusive evidence that the road had been abandoned under both
statutory law and common law.  In his final issue, Payne challenges the award
of attorney’s fees.  

Sufficiency
of Proof:  Public Road

            In
the first and second issues, Payne challenges the trial court’s findings and
conclusions that the road constituted a public road—a matter on which the
plaintiffs had the burden of proof.  Because findings of fact in a bench trial
have the same force and dignity as a jury verdict, we review them for legal and
factual sufficiency of the evidence under the same standards we apply in
reviewing a jury’s findings.  Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994).  We may sustain a challenge to the legal sufficiency of the
evidence only if one of the following circumstances exists: (1) the record
discloses a complete absence of evidence of a vital fact; (2) the court is
barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact; (3) the only evidence offered to prove a vital
fact is no more than a mere scintilla; or (4) the evidence conclusively
establishes the opposite of a vital fact.  Merrell Dow Pharms., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997).  We must examine the record for
probative evidence that supports the finding, while giving credit to all
favorable evidence that reasonable factfinders could believe and ignoring all
evidence to the contrary unless reasonable factfinders could not.  City of
Keller v. Wilson, 168 S.W.3d 802, 807, 827, 830 (Tex. 2005).  To address a
factual sufficiency challenge, we must consider and weigh all of the evidence
and should set aside a fact finding only if the evidence is so weak or the
finding is so against the great weight and preponderance of the evidence that
it is clearly wrong and unjust.  Pool v. Ford Motor Co., 715 S.W.2d 629
(Tex. 1986).  

            The
trial court found that the road at issue was part of the old “Clifton to
Towash” Road that had been open to the public for over a century and was used
for all manner of public and private access to the plaintiffs’ property and
beyond.  The trial court also found that the use of the road had diminished
over the years but that the plaintiffs and their predecessors continued to use
the road.  These findings are supported by the testimony of a title insurer
based upon her research for a title abstract and upon her familiarity with the
road beginning in 1965; a late 1940s Tobin map;[1]
minutes from various meetings of the county commissioners dating as far back as
1888 and as recent as 2008 pertaining to the status of the road, recognizing
the road as a public road, and appropriating money to be spent on the road bed;
testimony from a previous county commissioner, who was in office from 1982 to
1996, that he had maintained the road up to a gate about “halfway on the L”
(the “L” is the portion of the road at issue in this case); testimony of others
that had lived in the area over the years and had used the road, along with
their neighbors, for personal travel and for farm equipment; and testimony of
others that currently live in the area and have continued to use the road.  There
was testimony that the road continued to be used by the public even after a
gate was erected over twenty years ago.  There was also testimony that the
general public does not use the road and that the county does not maintain it.

Payne
was not aware of any time in the past twenty-five years that the road at issue
was used by the public as a public road.  Consequently, after buying the
property, Payne locked the gate; built a fence across the road and another
fence down the center of the road, which the trial court ordered Payne to tear
down; blocked the gate with equipment; and otherwise obstructed the road.  According
to Lisa Doty, prior to Payne altering it, the road at issue had a fairly decent
road base and was used by the plaintiffs to access their property from the
south.  Lisa Doty testified that the plaintiffs “needed” to use the road at
issue when the creek flooded the county road that runs along the north side of
their property.

            A road
or highway that has been laid out and established according to law and has not
been discontinued is a public road.  Tex.
Transp. Code Ann. § 251.002 (West 1999); Worthington v. Wade, 17
S.W. 520, 521 (Tex. 1891). “Discontinue” for purposes of Section 251.002
means “to discontinue the maintenance of the road.”  Section 251.001(2).  A
road, though not originally established as a road pursuant to statute, may
become public by long-continued use and adoption as such by the county
commissioners with the assent of the owner or by prescription.  Worthington,
17 S.W. at 521.  A road may also become public, in the sense that members of the
public have the right to use it, by dedication.  Id.  A common-law
dedication may be express or implied, and its existence is a question of fact.[2] 
Viscardi v. Pajestka, 576 S.W.2d 16, 17 (Tex. 1978); O’Connor v.
Gragg, 339 S.W.2d 878, 882–83 (Tex. 1960).  The essential elements of an
implied dedication are as follows:  (1) the acts of the landowner induced the
belief that the landowner intended to dedicate the road to public use; (2) he
was competent to do so; (3) the public relied on these acts and will be served
by the dedication; and (4) there was an offer and acceptance of the
dedication.  Las Vegas Pecan & Cattle Co. v. Zavala County, 682
S.W.2d 254, 256 (Tex. 1984).  As a general rule, an owner’s donative intent may
not be inferred from evidence that shows only that the public used the road for
a long time without objection from the owner.  Steel v. Wheeler, 993
S.W.2d 376, 378 (Tex. App.—Tyler 1999, pet. denied).  However, a corollary to
the general rule is that evidence of long and continued use by the public
raises a presumption of dedication by the owner when the origin of the land use
and the ownership of the land at the time it originated cannot be shown, one
way or the other, due to the lapse of time.  Id. at 378–79.            

            After
reviewing all of the evidence in this case, we hold that the evidence is
legally and factually sufficient to support the trial court’s finding that the
road at issue was a public road.  From the evidence presented, the trial court
could have determined that the road had become public either by its
long-continued use and adoption as a road by the county commissioners or by an
implied dedication.  Payne’s first and second issues are overruled.  

Abandonment

            In
his next two issues, Payne challenges the trial court’s failure to find that
the road had been abandoned, urging that he presented conclusive evidence of
both statutory and common-law abandonment.  The plaintiffs assert that Payne
waived these issues by failing to request that the trial court enter findings
of fact regarding abandonment.  See Cotten v. Weatherford Bancshares, Inc.,
187 S.W.3d 687, 708–09 (Tex. App.—Fort Worth 2006, pet. denied) (unless trial
court’s findings include an element of affirmative defense, party asserting
that defense must request findings in support thereof to avoid waiver); see
also San Jacinto Sand Co. v. Sw. Bell Tel. Co., 426 S.W.2d 338, 344 (Tex.
Civ. App.—Houston [14th Dist.] 1968, writ ref’d n.r.e.) (abandonment is an
affirmative defense).  Because the trial court made a finding of fact that the
plaintiffs and their predecessors “continued to use the road,” the trial
court’s findings necessarily negated an element of Payne’s defense of
abandonment.  Consequently, Payne did not waive these issues.  See Augusta
Dev. Co. v. Fish Oil Well Servicing Co., 761 S.W.2d 538, 542 (Tex.
App.—Corpus Christi 1988, no writ).  

            Because
Payne is attacking the legal sufficiency of an adverse finding on an issue on
which he had the burden of proof, he must demonstrate that the evidence
establishes, as a matter of law, all vital facts in support of that issue.  Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).  We must first
examine the record for probative evidence that supports the finding, while
ignoring all evidence to the contrary unless reasonable factfinders could not. 
Id.; see City of Keller, 168 S.W.3d at 827.  If there is no
evidence to support the finding, then we must examine the entire record to see
if the contrary proposition is established as a matter of law.  Dow Chem.,
46 S.W.3d at 241.  The issue should be sustained only if the contrary
proposition is conclusively established.  Id.  

A
county road is abandoned pursuant to Section 251.057(a) of the Transportation
Code “when its use has become so infrequent that one or more adjoining property
owners have enclosed the road with a fence continuously for at least 20 years.”
 Statutory abandonment does not apply to “an access road that is reasonably
necessary to reach adjoining real property.”  Section 251.057(b)(2).  A road is
abandoned pursuant to common law when the use for which the property was
dedicated has become impossible, or so highly improbable as to be practically
impossible, or when the object of the use for which the property was dedicated
wholly fails.  Adams v. Rowles, 228 S.W.2d 849, 852 (Tex. 1950).  It is
well settled that a landowner purchasing land abutting a public road acquires a
right to use that passageway as a means of ingress and egress.  Smith County
v. Thornton, 726 S.W.2d 2, 3 (Tex. 1986); City of Beaumont v. Marks,
443 S.W.2d 253, 255 (Tex. 1969).  

The
trial court’s finding that the plaintiffs and their predecessors have continued
to use the road is supported by the evidence presented at trial.  Because there
is evidence that the plaintiffs, their predecessors, and others in the
community continued to use the road, which was gated[3]
and fenced along the sides but not enclosed by a fence; that the plaintiffs
needed to use the road when the other entry into their property was flooded; and
that use of the road had not become impossible or practically impossible until
Payne obstructed the roadway, we hold that the trial court did not err in failing
to find that the road had been abandoned.  Payne has not conclusively
established his defense of abandonment.  The third and fourth issues are
overruled.  

 

Attorney’s
Fees

            In
his final issue, Payne asserts that the trial court erred in awarding attorney’s
fees to the plaintiffs instead of awarding attorney’s fees to Payne.  Payne
does not challenge the reasonableness of the fees awarded to the plaintiffs,
nor does he assert that the trial court abused its discretion in awarding such
fees.  His argument is that he should have been awarded attorney’s fees instead
because he was entitled to judgment on the merits regarding the abandonment of
the road.  Because we have upheld the trial court’s judgment regarding the
status of the road, we overrule Payne’s fifth issue.  

This
Court’s Ruling

The
judgment of the trial court is affirmed.  

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

December 15,
2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.









[1]We note that the road at issue is not shown as a road
on the map introduced at trial as the current county map.

 





[2]We note that the common-law doctrine of implied
dedication has been abolished by Section 281.003 of the Transportation Code but
that Section 281.003 does not apply to this case because any implied dedication
would have occurred prior to the 1981 enactment of Section 281.003.  See
Hayes v. Anderson County, 315 S.W.3d 170 (Tex. App.—Tyler 2010, pet.
denied).





[3]We note that the existence of a gate across the road
does not necessarily indicate that the road is not a public road.  Pursuant to
statute, third-class roads and neighborhood roads may be gated.  Section
251.010 (West Supp. 2011).