# NO. 12-09-00181-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THOMAS HAYES, MARGARET HAYES, AND DUSTIN STIBBINS, APPELLANTS* | *§* | *APPEAL FROM THE 87TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *ANDERSON COUNTY AND JACK HERRINGTON, APPELLEES* | *§* | *ANDERSON COUNTY, TEXAS* |

### *OPINION*

Thomas Hayes, Margaret Hayes, and Dustin Stibbins (collectively "Appellants") appeal the trial court's judgment entered in favor of Appellees Anderson County (the "County") and Jack Herrington declaring that Anderson County Road 3016 ("CR 3016") was impliedly dedicated as a public road with a width of fifty feet. Appellants raise four issues on appeal. We affirm in part and reverse and render in part.

### BACKGROUND

Stibbins and Hayes purchased real property along CR 3016 during the early to mid-2000s. In 2007, there were times when public access to CR 3016 became impeded. In April 2008, Anderson County filed an original petition seeking a declaratory judgment that CR 3016 was a public road that had been impliedly dedicated in Anderson County. Stibbins, the Hayeses, and Jack Herrington were named as defendants in the suit. Herrington aligned himself with the County, alleging that CR 3016 should be declared a public road. To the contrary, Stibbins and the Hayeses maintained that the roadway was, in fact, an easement granted by J.B. Herrington and his wife, Emma Herrington, to D.P. Berry in an instrument dated December 2, 1940.

Following a bench trial, the trial court determined that CR 3016 was a public road with a width of fifty feet. No findings of fact or conclusions of law were requested. This appeal followed.

In their third issue, Appellants contend that the trial court exceeded its jurisdiction by determining that CR 3016 had been dedicated to the public. In support of their argument, Appellants cite section 251.051(a)(1) of the Texas Transportation Code, which states, in pertinent part, that "the commissioner's court of a county shall: (1) order that public roads be laid out, opened, discontinued, closed, abandoned, vacated or altered…." TEX. TRANSP. CODE ANN. § 251.051(a)(1) (Vernon 1999).

Prior to 1981, Texas recognized dedication of public roads either by statute or by common law. *See* ***Jezek v. City of Midland***, 605 S.W.2d 544, 548 (Tex. 1980). In 1981, the legislature abolished the common law doctrine of implied dedication as a means of establishing that a particular road traversing private property was a public road. ***Baker v. Peace***, 172 S.W.3d 82, 87 (Tex. App.–El Paso 2005, pet. denied) (citing Act of May 31, 1981, 67th Leg., R.S., ch. 613, §§ 1, 2 & 4, 1981 TEX. GEN. LAWS 2412 (current version at TEX. TRANSP. CODE ANN. §§ 281.002, 281.003 (Vernon 1999)). Because there is no provision in the statute for retroactive application, it can only be applied prospectively. *See* ***id.*** As such, the statutory abolishment of implied dedication of public roadways does not affect an implied dedication, which, as here, is alleged to have occurred before the effective date of the statute. *See* ***Scown v. Neie***, 225 S.W.3d 303, 309–10 (Tex. App.–El Paso 2006, pet. denied).

Common law dedications can be either expressed or implied. ***Jezek***, 605 S.W.2d at 544. An implied dedication occurs when there is some act or course of conduct from which the law will imply an intent to dedicate the land. *See* ***id.*** at 548–49. A district court of this state has jurisdiction to determine whether there has been an implied dedication of a public road and its location. *See* ***Tabor v. Hogan***, 955 S.W.2d 894, 897 (Tex. App.–Amarillo 1997, no pet.) (trial court had jurisdiction to determine location of county road); *see, e.g.,* ***County of Real v. Hafley***, 873 S.W.2d 725, 725 (Tex. App.–San Antonio 1994, writ denied) (action seeking declaratory judgment that road was not public road). Therefore, we hold that the trial court had jurisdiction to enter a declaratory judgment based upon the legal theory of implied dedication. Appellant's third issue is overruled.

## EVIDENTIARY SUFFICIENCY - IMPLIED DEDICATION

In their first issue, Appellants argue that there was insufficient evidence to establish that CR 3016 was impliedly dedicated for public use.

2

**Standard of Review**

Where, as in the instant case, findings of fact and conclusions of law are neither filed nor requested following a bench trial, it is implied that the trial court made all findings necessary to support its judgment, provided that (1) the necessary findings are raised by the pleadings and supported by the evidence and (2) the decision can be sustained by any reasonable theory consistent with the evidence and applicable law. *See Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630, 636 (Tex. App.–Tyler 2004, no pet.); *see also* TEX. R. CIV. P. 296, 299(a). We review de novo a trial court's conclusions of law, whether express or implied. *Santa Fe Petroleum*, 156 S.W.3d at 636. A conclusion of law will be set aside if it is erroneous as a matter of law. *Id.* Moreover, when a reporter's record is brought forward, the trial court's implied findings may be challenged by legal sufficiency and factual sufficiency issues the same as jury findings or a trial court's findings of fact. *See Alford v. Johnston*, 224 S.W.3d 291, 296 (Tex. App.–El Paso 2005, pet. denied). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

When reviewing a challenge to the legal sufficiency of the evidence, we must determine "whether the evidence at trial would enable reasonable and fair minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we must credit favorable evidence if a reasonable finder of fact could, and disregard contrary evidence unless a reasonable finder of fact could not. *Id.* The finder of fact is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *See Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 557 (Tex. App.–Tyler 2007, pet. denied) (citing *City of Keller*, 168 S.W.3d at 819). The finder of fact is free to believe one witness and disbelieve another, and reviewing courts may not impose their own opinions to the contrary. *Id.* Accordingly, we must assume that the finder of fact decided all credibility questions in favor of the findings if a reasonable person could do so. *Id.* If a reasonable finder of fact could have done so, we must assume that the finder of fact chose what testimony to disregard in a way that favored the findings. *See Canal*, 238 S.W.3d at 557 (citing *City of Keller*, 168 S.W.3d at 820).

When considering a challenge to the factual sufficiency of the evidence, we examine the entire record to determine whether a finding is clearly wrong and unjust. *See*

***Kinder Morgan N. Tex. Pipeline, L.P. v. Justiss***, 202 S.W.3d 427, 437 (Tex. App.–Texarkana 2006, no pet.).  We must consider and weigh all the evidence, not just that evidence which supports the verdict.  *See **Mar. Overseas Corp. v. Ellis***, 971 S.W.2d 402, 407 (Tex. 1998).  We can set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust.  ***Id.***; ***Cain v. Bain***, 709 S.W.2d 175, 176 (Tex. 1986).  We are not a fact finder.  *See **Justiss***, 202 S.W.3d at 437.  Accordingly, we may not pass on the witnesses' credibility or substitute our judgment for that of the fact finder, even if the evidence would clearly support a different result.  *See **Golden Eagle Archery, Inc. v. Jackson***, 116 S.W.3d 757, 761 (Tex. 2003); ***Ellis***, 971 S.W.2d at 407.  If we find the evidence is factually insufficient, we must clearly state why the finding is insufficient or is so against the great weight and preponderance of the evidence as to be manifestly unjust.  ***Pool v. Ford Motor Co.***, 715 S.W.2d 629, 635 (Tex. 1986).

**<u>Governing Law</u>**

Dedication is the act of appropriating private land to the public for any general or public use.  ***Baker***, 172 S.W.3d at 87.  Whether a road has been dedicated for public use is a question of fact.  ***Steel v. Wheeler***, 993 S.W.2d 376, 378 (Tex. App.–Tyler 1999, pet. denied).  The essential elements of implied dedication are (1) the acts of the land owner induced the belief that the land owner intended to dedicate the road to public use; (2) he was competent to do so; (3) the public relied on those acts and will be served by the dedication; and (4) there was an offer and acceptance of the dedication.  ***Las Vegas Pecan & Cattle Co., Inc. v. Zavalla County***, 682 S.W.2d 254, 256 (Tex. 1984).

Evidence of long and continued use by the public raises a presumption of dedication by the owner when the origin of the public use and the ownership of the land at the time it originated cannot be shown, one way or the other, due to the lapse of time.  ***Baker***, 172 S.W.3d at 88; *see also **O'Connor v. Gragg***, 339 S.W.2d 878, 883 (Tex. 1960) ("Where ownership of the land at the time of such origin is shrouded in obscurity, and no proof can be adduced to show the intention of the owner allowing the use, the law raises a presumption that the requisite intention and acts disclosing it were present.").  There must be some evidence of an additional factor that implies a donative intent when considered in light of the owner's acquiescence in the public's use of the roadway.  ***Baker***, 172 S.W.3d at 88.  Evidence of this additional factor can be permitting public authorities to grade, repair, or otherwise improve the roadway.  *See **id.***

4

## The Evidence

Herrington, a proponent of CR 3016's dedication as a public road, testified that he grew up in the area where CR 3016 is now located. Herrington stated that, following his return from military service in World War II, the road was built at the prompting of R.J. Goodman. Herrington further stated that he had measured the road and that it was thirty-five feet in width. Herrington also testified that the County had maintained the road since its construction.

Sammy Overton, who grew up in the nearby Brushy Creek area, testified that he had worked for Anderson County for twenty-five years. Overton further testified that he did not remember precisely when the road was constructed, but that it had been constructed during the period of time when Tom Campbell Elrod was the County Commissioner for the precinct. Overton stated that, in 1965, he went to work for the County under Elrod's successor as Precinct Commissioner, "Blue" Beard. Overton further stated that he used road equipment to maintain the road weekly from 1965 until 1977. Overton testified that he also maintained the road when he went back to work for the County from 1990 to 2003. Overton also testified that George Rose, who had worked under Elrod, operated a road grader on the road prior to Overton's employment by the County in 1965. Overton stated that the road was previously known as "Goodman Road" before being designated CR 3016.

Carl House has worked for the County continuously since 1990. House testified that he has worked on CR 3016 throughout his tenure with the County. House further testified that during his time as a county employee, the County has bladed the road, put asphalt on it, and built a bridge. House stated that throughout the entirety of his employment with the County, the road has always been designated as CR 3016. Yet, House, who grew up nearby in Frankston, Texas, testified that he also had heard the road referred to as "Goodman Road."

John Caveness testified on Appellants' behalf. He testified that he had lived in the Frankston area for forty years and that he did not know that CR 3016 was a county road. Caveness further testified that he had done work in the area for a previous landowner along the road in 1993 and described the road as a "pig trail." Caveness stated that he had used his equipment to clear the road enough so that he could get equipment in and out of the property where he was working. Caveness further stated that the road that the County used to work on in the area was actually another road, which was now behind

5

a locked gate on Herrington's property.

Bob Whitehurst testified that he had lived in the area since 1954 and that the road located behind a locked gate on Herrington's property was, in fact, the road formerly known as "Goodman Road." Whitehurst further testified that this road had been open to public use. Whitehurst stated that what is now CR 3016 did not exist when he was growing up in the area. Additionally, in their respective testimonies, Thomas and Margaret Hayes each expressed disbelief that CR 3016 was a public road when they purchased their property. Rather, their respective testimonies reflect that each considered it a private easement benefiting their property purchased in 2005.

Dustin Stibbins testified that his parents purchased land along CR 3016 in 1995. Stibbins further testified that he purchased the land from his mother after his father's death. Stibbins stated that he believed the road was only an easement owned by the Hayeses, which they allowed him to use.

**Analysis**

Based on the foregoing, we conclude that there was more than a scintilla of evidence to support the trial court's implied finding that CR 3016 was impliedly dedicated to the public prior to 1981. Herrington's testimony that the road was built at Goodman's prompting as well as Herrington's, Overton's, and House's testimonies that the road had been continuously maintained by the county since the late 1940s amounted to legally sufficient evidence to support the trial court's judgment.

We next consider Appellants' contention that the evidence is factually insufficient. We have examined the entirety of the record, and we have considered and weighed all of the evidence. Having done so, we have not determined that any evidence tending to contradict the evidence supporting the trial court's findings, such as the testimony offered by Caveness, Whitehurst, the Hayeses, or Stibbins, is of such character so as to cause us to conclude that the trial court's judgment is clearly wrong and unjust. Accordingly, we hold that the evidence is factually sufficient to support the trial court's judgment. Appellants' first issue is overruled.

## ADMISSION OF EVIDENCE

In their second issue, Appellants argue that the trial court erroneously admitted into evidence the field notes prepared by County Surveyor Gene Russell. Appellants objected at trial to exhibit 7, which comprised Russell's field notes pertaining to CR

3016. Specifically, Appellants objected to exhibit 7 because the County failed to disclose in pretrial discovery the existence of Russell's field notes.[1]

The County responds that the same evidence comprising exhibit 7 was also contained in exhibit 8, which was a large plat showing CR 3016. The record indicates that exhibit 8 was admitted without objection. Any error in admitting evidence is cured when the same evidence comes in elsewhere without objection. *Schwartz v. Forest Pharms., Inc,.* 127 S.W.3d 118, 124 (Tex. App.–Houston [1st Dist.] 2003, pet. denied). Here, because Appellants failed to object to the same evidence when it was offered as part of exhibit 8, we hold that they waived the trial court's error, if any, in its admission of exhibit 7. *Id.* Appellants' second issue is overruled.

## DETERMINATION OF WIDTH OF CR 3016

In their fourth issue, Appellants contend that the trial court improperly determined that the width of CR 3016 was fifty feet. The County responds that the testimony at trial supported that a fifty foot road was necessary so that the road could be safely maintained.

Kenneth Dickson, County Commissioner for Precinct 3 of Anderson County, Texas, testified that the minimum width of roads in Anderson County was set at fifty feet. Dickson further testified that the rationale for this minimum width was to allow the operators of the County's maintenance equipment to maneuver off the roads so that cars could pass by while maintenance was underway. Dickson stated that if the roads were less than fifty feet wide, the County would have to disallow passage on a road in order to clean the ditches.

Herrington testified that the road used to be thirty-five feet wide. Herrington further stated that he had actually physically measured the width of the road. There was no other testimony in the record setting forth the actual width of the road. We are bound by the testimony in the record concerning the width of the road when it was dedicated. The only evidence of the road's width when it became public by an implied dedication was the thirty-five foot width to which Herrington testified. When there is no evidence to support a vital fact in the judgment, we must reverse that portion of the judgment. *See City of Keller*, 168 S.W.3d at 810. As such, we hold that the trial court erred in its finding that the width of CR 3016 was fifty feet. Appellants' fourth issue is sustained.

---

[1] *See* TEX. R. CIV. P. 193.5, 193.6.

## DISPOSITION

Having sustained Appellants' fourth issue, we *reverse* and *render* judgment that the width of CR 3016 is thirty-five feet. The remainder of the trial court's judgment is *affirmed*. All pending motions are *overruled* as moot.


    **JAMES T. WORTHEN**
Chief Justice


Opinion delivered May 28, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)