**Opinion filed December 15, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00181-CV

_____

### ROYE RAY PAYNE, Appellant

### V.

### ROBERT DOTY AND LISA DOTY, Appellees

**On Appeal from the 220th District Court**

**Bosque County, Texas**

**Trial Court Cause No. 09-04-06509-BCCV**

### M E M O R A N D U M   O P I N I O N

Plaintiffs, Robert Doty and Lisa Doty, brought suit against Roye Ray Payne after Payne obstructed a roadway that traversed land owned by Payne and led to land owned by the plaintiffs. The plaintiffs asserted that the roadway was a public road. Payne denied that the road was a public road and affirmatively asserted that, if the road had been a public road, it had been abandoned. After a bench trial, the trial court entered judgment declaring the road to be a public road, enjoining Payne from interfering with the use of the road, and awarding attorney's fees to the plaintiffs in the amount of $10,000. Payne appeals. We affirm.

*Issues*

Payne presents five issues on appeal. In the first and second issues, Payne challenges the legal and factual sufficiency of the trial court's finding that the road is a public road. In the third and fourth issues, Payne contends that he presented conclusive evidence that the road had been abandoned under both statutory law and common law. In his final issue, Payne challenges the award of attorney's fees.

*Sufficiency of Proof: Public Road*

In the first and second issues, Payne challenges the trial court's findings and conclusions that the road constituted a public road—a matter on which the plaintiffs had the burden of proof. Because findings of fact in a bench trial have the same force and dignity as a jury verdict, we review them for legal and factual sufficiency of the evidence under the same standards we apply in reviewing a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We may sustain a challenge to the legal sufficiency of the evidence only if one of the following circumstances exists: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the only evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). We must examine the record for probative evidence that supports the finding, while giving credit to all favorable evidence that reasonable factfinders could believe and ignoring all evidence to the contrary unless reasonable factfinders could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827, 830 (Tex. 2005). To address a factual sufficiency challenge, we must consider and weigh all of the evidence and should set aside a fact finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex. 1986).

The trial court found that the road at issue was part of the old "Clifton to Towash" Road that had been open to the public for over a century and was used for all manner of public and private access to the plaintiffs' property and beyond. The trial court also found that the use of the road had diminished over the years but that the plaintiffs and their predecessors continued to use the road. These findings are supported by the testimony of a title insurer based upon her research for a title abstract and upon her familiarity with the road beginning in 1965; a late 1940s

Tobin map;[1] minutes from various meetings of the county commissioners dating as far back as 1888 and as recent as 2008 pertaining to the status of the road, recognizing the road as a public road, and appropriating money to be spent on the road bed; testimony from a previous county commissioner, who was in office from 1982 to 1996, that he had maintained the road up to a gate about "halfway on the L" (the "L" is the portion of the road at issue in this case); testimony of others that had lived in the area over the years and had used the road, along with their neighbors, for personal travel and for farm equipment; and testimony of others that currently live in the area and have continued to use the road. There was testimony that the road continued to be used by the public even after a gate was erected over twenty years ago. There was also testimony that the general public does not use the road and that the county does not maintain it.

Payne was not aware of any time in the past twenty-five years that the road at issue was used by the public as a public road. Consequently, after buying the property, Payne locked the gate; built a fence across the road and another fence down the center of the road, which the trial court ordered Payne to tear down; blocked the gate with equipment; and otherwise obstructed the road. According to Lisa Doty, prior to Payne altering it, the road at issue had a fairly decent road base and was used by the plaintiffs to access their property from the south. Lisa Doty testified that the plaintiffs "needed" to use the road at issue when the creek flooded the county road that runs along the north side of their property.

A road or highway that has been laid out and established according to law and has not been discontinued is a public road. TEX. TRANSP. CODE ANN. § 251.002 (West 1999); *Worthington v. Wade*, 17 S.W. 520, 521 (Tex. 1891). "Discontinue" for purposes of Section 251.002 means "to discontinue the maintenance of the road." Section 251.001(2). A road, though not originally established as a road pursuant to statute, may become public by long-continued use and adoption as such by the county commissioners with the assent of the owner or by prescription. *Worthington*, 17 S.W. at 521. A road may also become public, in the sense that members of the public have the right to use it, by dedication. *Id.* A common-law dedication may be express or implied, and its existence is a question of fact.[2] *Viscardi v. Pajestka*, 576

---

[1]We note that the road at issue is not shown as a road on the map introduced at trial as the current county map.

[2]We note that the common-law doctrine of implied dedication has been abolished by Section 281.003 of the Transportation Code but that Section 281.003 does not apply to this case because any implied dedication would have occurred prior to the 1981 enactment of Section 281.003. *See Hayes v. Anderson County*, 315 S.W.3d 170 (Tex. App.—Tyler 2010, pet. denied).

S.W.2d 16, 17 (Tex. 1978); *O'Connor v. Gragg*, 339 S.W.2d 878, 882–83 (Tex. 1960). The essential elements of an implied dedication are as follows: (1) the acts of the landowner induced the belief that the landowner intended to dedicate the road to public use; (2) he was competent to do so; (3) the public relied on these acts and will be served by the dedication; and (4) there was an offer and acceptance of the dedication. *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 256 (Tex. 1984). As a general rule, an owner's donative intent may not be inferred from evidence that shows only that the public used the road for a long time without objection from the owner. *Steel v. Wheeler*, 993 S.W.2d 376, 378 (Tex. App.—Tyler 1999, pet. denied). However, a corollary to the general rule is that evidence of long and continued use by the public raises a presumption of dedication by the owner when the origin of the land use and the ownership of the land at the time it originated cannot be shown, one way or the other, due to the lapse of time. *Id.* at 378–79.

After reviewing all of the evidence in this case, we hold that the evidence is legally and factually sufficient to support the trial court's finding that the road at issue was a public road. From the evidence presented, the trial court could have determined that the road had become public either by its long-continued use and adoption as a road by the county commissioners or by an implied dedication. Payne's first and second issues are overruled.

*Abandonment*

In his next two issues, Payne challenges the trial court's failure to find that the road had been abandoned, urging that he presented conclusive evidence of both statutory and common-law abandonment. The plaintiffs assert that Payne waived these issues by failing to request that the trial court enter findings of fact regarding abandonment. *See Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 708–09 (Tex. App.—Fort Worth 2006, pet. denied) (unless trial court's findings include an element of affirmative defense, party asserting that defense must request findings in support thereof to avoid waiver); *see also San Jacinto Sand Co. v. Sw. Bell Tel. Co.*, 426 S.W.2d 338, 344 (Tex. Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.) (abandonment is an affirmative defense). Because the trial court made a finding of fact that the plaintiffs and their predecessors "continued to use the road," the trial court's findings necessarily negated an element of Payne's defense of abandonment. Consequently, Payne did not waive these issues. *See Augusta Dev. Co. v. Fish Oil Well Servicing Co.*, 761 S.W.2d 538, 542 (Tex. App.—Corpus Christi 1988, no writ).

4

Because Payne is attacking the legal sufficiency of an adverse finding on an issue on which he had the burden of proof, he must demonstrate that the evidence establishes, as a matter of law, all vital facts in support of that issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). We must first examine the record for probative evidence that supports the finding, while ignoring all evidence to the contrary unless reasonable factfinders could not. *Id.*; *see City of Keller*, 168 S.W.3d at 827. If there is no evidence to support the finding, then we must examine the entire record to see if the contrary proposition is established as a matter of law. *Dow Chem.*, 46 S.W.3d at 241. The issue should be sustained only if the contrary proposition is conclusively established. *Id.*

A county road is abandoned pursuant to Section 251.057(a) of the Transportation Code "when its use has become so infrequent that one or more adjoining property owners have enclosed the road with a fence continuously for at least 20 years." Statutory abandonment does not apply to "an access road that is reasonably necessary to reach adjoining real property." Section 251.057(b)(2). A road is abandoned pursuant to common law when the use for which the property was dedicated has become impossible, or so highly improbable as to be practically impossible, or when the object of the use for which the property was dedicated wholly fails. *Adams v. Rowles*, 228 S.W.2d 849, 852 (Tex. 1950). It is well settled that a landowner purchasing land abutting a public road acquires a right to use that passageway as a means of ingress and egress. *Smith County v. Thornton*, 726 S.W.2d 2, 3 (Tex. 1986); *City of Beaumont v. Marks*, 443 S.W.2d 253, 255 (Tex. 1969).

The trial court's finding that the plaintiffs and their predecessors have continued to use the road is supported by the evidence presented at trial. Because there is evidence that the plaintiffs, their predecessors, and others in the community continued to use the road, which was gated[3] and fenced along the sides but not enclosed by a fence; that the plaintiffs needed to use the road when the other entry into their property was flooded; and that use of the road had not become impossible or practically impossible until Payne obstructed the roadway, we hold that the trial court did not err in failing to find that the road had been abandoned. Payne has not conclusively established his defense of abandonment. The third and fourth issues are overruled.

---

[3]We note that the existence of a gate across the road does not necessarily indicate that the road is not a public road. Pursuant to statute, third-class roads and neighborhood roads may be gated. Section 251.010 (West Supp. 2011).

*Attorney's Fees*

In his final issue, Payne asserts that the trial court erred in awarding attorney's fees to the plaintiffs instead of awarding attorney's fees to Payne. Payne does not challenge the reasonableness of the fees awarded to the plaintiffs, nor does he assert that the trial court abused its discretion in awarding such fees. His argument is that he should have been awarded attorney's fees instead because he was entitled to judgment on the merits regarding the abandonment of the road. Because we have upheld the trial court's judgment regarding the status of the road, we overrule Payne's fifth issue.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


December 15, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

6