

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00572-CV

Bobby **HOLLY** and Dolores Holly,
Appellants

v.

**NEWBERRY RANCHES OF TEXAS LLC**,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 34257
Honorable Enrique Fernandez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 31, 2022

REVERSED AND REMANDED

This appeal involves a dispute over access to a road in Val Verde County. Appellants, the Hollys, appeal a final judgment rendered by the trial court, declaring a road through their property abutting appellee Newberry Ranches of Texas LLC's property, is a public road and Newberry Ranches has an easement over the road. The Hollys argue the trial court erred by (1) granting summary judgment in Newberry Ranches' favor because fact issues remain regarding whether the road is a public road and Newberry Ranches has an easement over the road, and (2) granting Newberry Ranches' attorney's fees and costs along with a permanent injunction in its final

judgment. The trial court's judgment is reversed, the injunction is dissolved, and the case is remanded to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

The Hollys own approximately 1,500 acres in Val Verde County, which they acquired through two warranty deeds in 2004 and 2005. Both deeds reference, in their metes and bounds description, a "county-maintained gravelled road" known as Pumpville-Langtry Road—also known as Arledge Road.[1] In 2012, the Hollys protested the inclusion of Arledge Road in the Val Verde County road map. That same year, a jury of view report declared Arledge Road was not a county road and recommended removing it from the county road map.[2] The Val Verde County Commissioner's Court adopted this report and ordered Arledge Road removed from the county road map. In mid-2017, Newberry Ranches purchased an approximately 10,000-acre ranch in Val Verde County from Leanne and William H. Higgins. This ranch abuts Arledge Road.

In November 2018, Newberry Ranches sued the Hollys seeking, among other things, a declaratory judgment from the trial court, declaring Arledge Road a public road and Newberry Ranches has a residual easement over the road. The Hollys maintained locks on the road granting access to neighbors, including Newberry Ranches. Newberry Ranches, however, alleged the Hollys changed those locks in early November 2018 and did not provide Newberry Ranches a key to the new locks. Newberry Ranches further claimed the road is its primary means of access to the ranch. Shortly after filing suit, Newberry Ranches was granted a temporary restraining order, and the Hollys were ordered to remove the locks on the road. The trial court granted Newberry Ranches

---

[1] Because the parties use Arledge Road, we will refer to the road as Arledge Road.

[2] A jury of view "consist[s] of five property owners who have no interest in the outcome of the protest to determine, by a majority vote after a public hearing and an examination of the county's road maintenance records and other information, the validity of the county's claim of the existence of a public interest in the road." TEX. TRANSP. CODE § 258.002(b).

a temporary injunction the following month enjoining the Hollys from restricting access to the road without providing Newberry Ranches with combinations or keys to the locks.

Newberry Ranches moved for traditional summary judgment in 2019, seeking a declaration Arledge Road is a public road, and it has a residual easement as an abutting landowner to this road. The trial court granted Newberry Ranches' motion, declared Arledge Road a public road and Newberry Ranches has a residual easement over the road, and permanently enjoined the Hollys from barring Newberry Ranches' use of the road. Following a bench trial, the trial court also granted Newberry Ranches $62,234.66 in attorney's fees and costs.

This appeal followed.

### THE STATUS OF ARLEDGE ROAD

The Hollys argue the trial court erred when it granted summary judgment for Newberry Ranches because genuine issues of material fact exist as to whether Arledge Road is a public road. Newberry Ranches argues it conclusively established Arledge Road is a public road because it showed there was an implied dedication of the road for public use, and the Hollys did not raise a fact issue about whether Arledge Road is a public road.

#### A. Standard of Review

We review the trial court's order granting summary judgment de novo. *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022) (internal quotation marks omitted). To prevail on a motion for traditional summary judgment, the movant must show no material fact issues exist and it is entitled to judgment as a matter of law. *Rosetta Res. Operating, LP v. Martin*, No. 20-0898, 2022 WL 1434662, at *3 (Tex. May 6, 2022) (citing TEX. R. CIV. P. 166a(c)). We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor. *Energen*, 642 S.W.3d at 509 (internal quotation marks omitted).

**B. Dedication of Public Roads**

A public road may be established by dedication of a private road for public use. *Mattox v. Grimes Cty. Commissioners' Ct.*, No. 01-14-00535-CV, 2015 WL 5076291, at \*6 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, pet. denied) (mem. op.). "Whether a road has been dedicated for public use is a question of fact." *Hayes v. Anderson County*, 315 S.W.3d 170, 174 (Tex. App.—Tyler 2010, pet. denied). Dedication may be established by common law or by statute. *Mattox*, 2015 WL 5076291, at \*6 & n.11. "Common law dedications can be either expressed or implied. An implied dedication occurs when there is some act or course of conduct from which the law will imply an intent to dedicate the land." *Hayes*, 315 S.W.3d at 173 (citation omitted).

To demonstrate an implied dedication, a party must show (1) a competent landowner's acts induced a belief they intended to dedicate the road to public use, (2) the public relied on those acts and will be served by the dedication, and (3) there was an offer and acceptance of the dedication. *Tice v. Hunt*, No. 11-08-00099-CV, 2010 WL 1948602, at \*3 (Tex. App.—Eastland May 13, 2010, no pet.) (mem. op.); *see Shelton v. Kalbow*, 489 S.W.3d 32, 44 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). A party contending there was an implied dedication must present some evidence to support each element. *County of Real v. Sutton*, 6 S.W.3d 11, 14 (Tex. App.—San Antonio 1999, pet. denied). The owner's donative intent "may not be inferred from evidence that shows only that the public used the road for a long time without [the owner's] objection." *Payne v. Doty*, No. 11-10-00181-CV, 2011 WL 6260370, at \*2 (Tex. App.—Eastland Dec. 15, 2011, no pet.) (mem. op.); *see Tice*, 2010 WL 1948602, at \*3 ("Generally, one must show more than an owner's omission or failure to act or acquiesce in order to show donative intent."); *see also Mattox*, 2015 WL 5076291, at \*6 ("The preparation and recordation of a map or plat showing streets or roadways does not, standing alone, constitute a dedication as a matter of law.").

However, if "the origin of the land use and the ownership of the land at the time it originated cannot be shown, one way or the other, due to the lapse of time," then "evidence of long and continued use by the public raises a presumption of dedication by the owner." *Payne*, 2011 WL 6260370, at *2; *see Hayes*, 315 S.W.3d at 174. But "[t]here must be some evidence of an additional factor that implies a donative intent when considered in light of the owner's acquiescence in the public's use of the roadway." *Hayes*, 315 S.W.3d at 174. This evidence may include, among other things, (1) permitting public authorities to grade, repair, or otherwise improve the roadway; (2) selling parcels of land from a plat or plan showing the roadway as a means of access to the parcels; (3) an express representation by the owner of a road to a land purchaser that the road is reserved for public use; or (4) fencing off the roadway from the remainder of the land. *Scown v. Neie*, 225 S.W.3d 303, 310 (Tex. App.—El Paso 2006, pet. denied); *see Tice*, 2010 WL 1948602, at *3.

Beginning August 31, 1981, the legislature abolished the common law implied dedication as a means of establishing a particular road traversing private property was indeed a public road. *Tice*, 2010 WL 1948602, at *3 n.1. "However, the statute was not made retroactive." *Id.*

## C. Application

As indicated above, Newberry Ranches argues Arledge Road was made a public road by implied dedication, and the Hollys contend there is a fact issue as to whether there was an implied dedication of Arledge Road. To determine whether Newberry Ranches is correct and taking into consideration the legislature's abolishment of the common law implied dedication doctrine, we must decide whether the summary judgment evidence conclusively shows Arledge Road was impliedly dedicated to the public prior to August 31, 1981. *See id.*

In support of their motion for summary judgment, Newberry Ranches did not present any evidence demonstrating the origin of the land use or road or that it could not show its origin "due

to the lapse of time." *See Payne*, 2011 WL 6260370, at *2; *Tice*, 2010 WL 1948602, at *3; *cf. Steel v. Wheeler*, 993 S.W.2d 376, 379 (Tex. App.—Tyler 1999, pet. denied) (concluding evidence in record demonstrated origin of road could not be shown due to lapse of time where witnesses could not testify as to who owned property when public use began). Instead, Newberry Ranches presented the following evidence of the road's "long and continued use" before 1981. Val Verde County Commissioner Gustavo Flores stated in a 2012 affidavit he had personal knowledge of the road dating back to 1979, and to his knowledge, it was never a county road. Newberry Ranches also included a hearing transcript of Flores's testimony during the injunction hearing. During the hearing, Flores testified, after reviewing post-1981 county maps, the road had been a public road. On cross-examination he testified what he meant was Arledge Road is "a public road within the property owners." He did not clarify what that meant. In an affidavit, Billy R. Foster—a person who worked in Val Verde County for sixty years and was personally familiar with the road—stated he, as well as the public, considered Arledge Road a public county road. The predecessor-in-interest to Newberry Ranches' ownership interest in property abutting Arledge Road—Leanne Higgins—asserted she had been familiar with the road since 1968 and stated Arledge Road was a county road.

At most, this evidence constitutes conclusory assertions, and other than these conclusory assertions, there was no evidence of long and continued use before 1981. *See Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984) (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984)); *cf. Payne*, 2011 WL 6260370, at *2 (concluding evidence in record demonstrated road was public road with long and continued use including evidence of use of road for over century, title insurer's familiarity with road beginning in 1965, late 1940s map, county commissioners meeting minutes dating back to 1888 recognizing road as public road and appropriating money for road maintenance). Because Newberry Ranches did not meet its burden,

no presumption of an implied dedication applies to the road. *See Hayes*, 315 S.W.3d at 174; *cf. Payne*, 2011 WL 6260370, at \*2; *Steel*, 993 S.W.2d at 379.

Even assuming the presumption applied, Newberry Ranches was required to prove an additional factor that implied a donative intent, such as permitting public authorities to grade, repair, or otherwise improve the roadway. *See Scown*, 225 S.W.3d at 310. Foster stated the road was previously maintained by the county, and he personally witnessed maintenance conducted on it "as far back as 1960." Higgins explained she personally observed maintenance performed on the road "as far back as 1971." However, Flores stated in his affidavit Arledge Road was not regularly or routinely maintained by the county. Newberry Ranches also included as evidence the 2012 Val Verde County Commissioners' Order adopting the jury of view's report. In its report, the jury of view denied Arledge Road was a county road and removed it from the County Road Map. The adopted report provided the basis for its decision as "a failure of Val Verde County to establish continuous maintenance of said road by beginning before September 1, 1981."

Because we must take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor, Newberry Ranches failed to establish there was no material fact issue as to an additional factor that implied a donative intent. Accordingly, Newberry Ranches failed to establish there was no material fact issue as to donative intent, and therefore failed to establish it was entitled to judgment as a matter of law based on Arledge Road being a public road by implied dedication. Because Newberry Ranches failed to establish Arledge Road is a public road by implied dedication, the trial court's order granting

Newberry Ranches summary judgment on its declaratory judgment claim that Arledge Road is a public road was rendered in error.[3]

### EASEMENT OVER ARLEDGE ROAD

The Hollys argue fact issues exist on Newberry Ranches' claim of the road as a "residual" easement. Newberry Ranches argued, in the alternative, it conclusively established it had a residual easement permitting access to and use of the road because it purchased its ranch abutting the road and therefore acquired a property interest in it.

"Unlike a possessory interest in land, an easement is a nonpossessory interest that authorizes its holder to use the property for only particular purposes." *Ohio Dev., LLC v. Tapatio Springs Homeowners Ass'n*, No. 04-18-00523-CV, 2019 WL 6333474, at *2 (Tex. App.—San Antonio Nov. 27, 2019, pet. denied). "An easement may also be created by the purchase of land with reference to a map or plat showing abutting roads or streets."[4] *Id.* (internal quotation marks omitted); *see State v. Delany*, 197 S.W.3d 297, 299 (Tex. 2006) ("Texas has long recognized that property abutting a public road has an appurtenant easement of access guaranteeing ingress to and egress from the property."). "Nevertheless, an easement may not create a right or interest in a grantee's favor which the grantor himself did not possess." *Tapatio Springs*, 2019 WL 6333474, at *2 (internal quotation marks omitted) *see id.* ("It is elementary that one corporation cannot dedicate land owned by another or grant easements over land not owned by it." (internal quotation marks omitted)); *see also Delany*, 197 S.W.3d at 299 ("However, easements of access do not guarantee access to any specific road absent a specific grant." (internal quotation marks omitted)).

---

[3] Because Newberry Ranches failed to establish there was no material fact issue as to whether Arledge Road was a public road, we need not consider whether the road was abandoned or whether Newberry Ranches is barred by res judicata or the statute of limitations from challenging the commissioner's court's findings. *See* TEX. R. APP. P. 47.1.

[4] Newberry Ranches uses the term "residual easement" to describe this easement.

Because we have concluded a material fact issue exists regarding whether Arledge Road is a public road, the only remaining issue is whether Newberry Ranches obtained some other type of easement appurtenant over the road when it acquired the property. Newberry Ranches' contention is its easement over Arledge Road is created by its purchase of its ranch with reference to a map or plat showing its property abutting Arledge Road, the road is a public road, and this easement transferred from the Higgins to Newberry Ranches when it purchased the property in 2017.[5] Newberry Ranches did not contend the Hollys provided the easement or Higgins with an express easement appurtenant.[6] Nor does it contend its easement was created by implication, necessity, estoppel, or prescription.[7] *See, e.g.*, *Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 2005) ("summary judgment cannot be affirmed on grounds not raised in the trial court"). Because Newberry Ranches failed to carry its burden of establishing there was no genuine issue as to any material fact on whether Arledge Road is a public road by implied dedication, it is not entitled to judgment as a matter of law on its declaratory judgment claim that it had a residual easement over Arledge Road. *See Rosetta*, 2022 WL 1434662, at *3; TEX. R. CIV. P. 166a(c).

In sum, we reverse the trial court's grant of summary judgment in favor of Newberry Ranches and remand the case to the trial court for further proceedings consistent with this opinion.

### PERMANENT INJUNCTION AND ATTORNEY'S FEES

Because we reverse the trial court's summary judgment for Newberry Ranches and remand for further proceedings, we also dissolve the permanent injunctive relief granted in support of the trial court's grant of summary judgment in favor of Newberry Ranches. *See, e.g.*, *BCH Dev., LLC*

---

[5] Newberry Ranches does not contend the road is its sole means of access to the ranch only its "primary access."

[6] Newberry Ranches focused the remainder of its argument on its contention that Arledge Road was not abandoned in 2012 by order of the Val Verde County Commissioner's Court.

[7] In fact, Newberry Ranches specifically denied it made any argument in its traditional motion for summary judgment it had an easement by implication or necessity.

*v. Lakeview Heights Addition Prop. Owners' Ass'n*, No. 05-17-01096-CV, 2019 WL 2211479, at *12 (Tex. App.—Dallas May 21, 2019, pet. denied) (mem. op.) (reversing summary judgment and dissolving injunction granted on summary judgment); *Zgabay v. NBRC Prop. Owners Ass'n*, No. 03-14-00660-CV, 2015 WL 5097116, at *3 (Tex. App.—Austin Aug. 28, 2015, pet. denied) (mem. op.) (same). Likewise, we reverse the trial court's award of attorney's fees and costs in favor of Newberry Ranches and remand the issue of attorney's fees and costs for further proceedings. *See, e.g.*, *BCH*, 2019 WL 2211479, at *12 (reversing summary judgment and reversing award of attorney's fees and remanding issue for further proceedings); *Zgabay*, 2015 WL 5097116, at *3 (same); *Friedman v. Atl. Funding Corp.*, 936 S.W.2d 38, 42 (Tex. App.—San Antonio 1996, no pet.) ("Since we hold that the trial court improperly granted [] summary judgment, we also reverse the trial court's award of attorney's fees.").

## CONCLUSION

The trial court's judgment granting Newberry Ranches' summary judgment motion and awarding it attorney's fees is reversed, the permanent injunction is dissolved, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Luz Elena D. Chapa, Justice